DREW, Justice.
This appeal raises the question of whether an action to recover damages arising out *459 of an accident occasioned by a collision between an automobile and a cow on the public highways of Highlands County is governed by the provisions of Chapter 2S236, Laws of Florida, Acts of 1949, Sections 588.12 to 588.26 inclusive, F.S.1951, F.S.A., (commonly known and hereafter referred to as the Warren Act) or Chapter 23326, Special Laws of Florida, Acts of 1945 (hereafter referred to as the local law). The latter act is one relating to the same general subject as the Warren Act but is a local law applicable only to Highlands County, Florida. A decision on this question is necessary because of the fact that the Warren Act makes every owner of livestock who intentionally, wilfully, carelessly or negligently suffers or permits livestock to run at large or stray upon the public roads of this State liable for damages for all injury and property damage sustained by any person by reason thereof, while the local law limits such liability to every owner of livestock who ivilfully and intentionally permits such livestock to roam at large.
The lower court dismissed the complaint of appellant who suffered the injury and entered final judgment thereon because such complaint failed to allege that the defendant, the appellee, wilfully and intentionally permitted his cow to run at large thereby holding that the action was governed by the provisions of the aforementioned local law and not by the Warren Act.
Section 588.25, F.S.A., Section 14 of the original Warren Act, on which the appel-ant relies for a reversal of the lower court reads as follows:
“The provisions of §§ 588.12-588.25 shall not apply to counties having special laws or general laws of local application requiring the confinement and restraint of livestock; provided, however, where the provisions of such special laws or general laws of local application do not prohibit livestock from running upon or straying upon the public highways, or the provisions of such special laws or general laws of local application do not provide for liability of owners of livestock for damages and injuries caused by such livestock, or provide less severe penalties than imposed by § 588.24 the provisions of this act shall apply in each such case as if the provisions hereof were inserted in-full in any such special law or general, law of local application. Provided,, further, that if any such special law or general law of local application is found unconstitutional or in any way inoperative, then this act shall be in full force and effect in the county, or counties, affected.” Laws 1949, c. 25236, § 14. (Emphasis added.)
The appellant argues that Section 6 of the aforementioned local law imposing a penalty consisting of a fine of “not to exceed $500.00 or imprisonment in the county jail not to exceed six months” is unconstitutional because it conflicts with the provisions of Section 20, article 3, of the Florida Constitution, F.S.A., and that therefore' any penalty for a violation of the provisions of such special or local law must be imposed under the provisions of Section 775.07, F.S.A.; that this statute provides for punishment of misdemeanors “ * * * when not otherwise provided by statute, or when the penalty provided by such statute is ineffecHoal because of constitutional provisions, or because the same is otherwise illegal or void * * *that the penalties imposed by said Section 775.07 are “less severe penalties than imposed by” the Warren Act and that, therefore, under the provisions of said Sections 588.25 above set forth in full, the local law is not applicable and does not govern appellant’s action for damages. (Emphasis supplied.)
A violation of the local act is declared therein to be unlawful and to constitute a misdemeanor. In view of this provision that portion of Section 6 of said local law fixing a penalty for the violation thereof becomes invalid and unenforceable. Under our decision in Taulty v. Hobby, Fla., 71 So.2d 489, however, and other cases, such deficiency in the local act is cured by the provisions of Section 775.07, F.S.A., supra. In effect this leaves all provisions of the local law unchanged except that the *460 penalty for a violation thereof shall be that prescribed by said 775.07, viz.: a fine not exceeding $200 or imprisonment not exceeding ninety days instead of a fine of not to exceed $500 or imprisonment not exceeding six months as provided in the local law.
From the above we conclude that the local law is not “unconstitutional or * * * inoperative” within the meaning of the last sentence of Section 14 of the original Warren Act, supra. The fact that the penal provisions of such local act are less severe that the penal provisions of the Warren Act have the effect of merely grafting onto the local law the penal provisions of the Warren Act.
Our conclusion, however, that the local law is a valid and constitutional act, does not conclude the question before us. The Warren Act concerns itself with much more than the question of tort liability of owners of cattle. It makes it the duty of the sheriff of the county or his deputies or other law enforcement officers of the county or State Highway Patrolmen to confine and impound straying cattle. It provides for the disposition of such impounded livestock, provides for notice to the owner, the manner of serving the notice and it fixes the time within which the owner may redeem his livestock. It provides for publishing a notice of sale of such livestock in the event the owner fails to redeem and fixes the form of such notice. It goes into particular details as to the mechanics of such sale and fixes the fees chargeable in connection therewith. Such act further provides for slaughtering such livestock in the event there are no bidders at the sale and for the disposition of the proceeds of any funds received for the sale of the carcass thereafter. There are provisions relating to the mechanics of reporting the sale of such livestock and the maintenance of permanent records thereof. Section 10 of the Act makes it the duty of the County Commissioners to provide places for keeping and impounding the livestock and transporting them and Section 11 prescribes the duties of the impounder. The rights of the owner are fixed in detail in Section 12 and penalties are provided in Section 13. There may be, and probably are, good reasons why it would be desirable to treat these matters, which are primarily administrative, differently in the various counties in the State. At least there appears to be no logical or compelling reason why they should be of uniform operation in all parts of the State.
The three matters dealt with in the proviso in Section 14, supra, viz. r (1) prohibiting livestock from running- at large; (2) making the owner liable for damages and (3) fixing a penalty, are matters that logically would be considered to be subjects that should be of uniform operation throughout Florida. We think these three matters are the things that the Legislature, in Section 1 of the Act, meant to be “uniform throughout the state”. The result of the construction we have placed on the penalty provisions in the local act make the penalty provisions of such acts uniform throughout the State regardless of what penalties may be included in any such local act. That it is unlawful for cattle to run at large anywhere in Florida under the Warren Act is irrefutable regardless of what may be the provisions of any local act. As to the remaining matter, that relating to tort liability, there is every reason why the same rule should apply. To agree with appellee that to recover damages in Highlands County one must allege and prove that the owner wilfully and intentionally allowed his cattle to run at large would he tantamount to holding that there could lawfully be a different basis of liability on the owner of livestock in each of the sixty-seven counties of Florida. Such a narrow construction of the language, viz. “ * * * or the provisions of such special laws or general laws of local application do not provide for liability of owners of livestock for damages and injuries caused by such livestock,” supra, would do violence to and completely defeat the plain legislative *461 intent. Moreover, sudh a construction could logically result in a constitutional infirmity by not affording equal protection of the laws to persons injured. It is an elemental principle that such result should be avoided if possible.
It is, therefore, our conclusion, and we hold, that matters encompassed in the Warren Act other than those dealt with in the proviso in Section 14 thereof may be the subject of applicable “valid and constitutional” local laws or general laws of local application but that as to these the provisions of the Warren Act control.
Reversed.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., concur.