131 So.2d 520 (1961)
Kathryn C. GORDON, Individually, as surviving wife of Earl Franklin Gordon, deceased, and as executrix of the Estate of Earl Franklin Gordon, deceased, Appellant,
v.
George A. SUTHERLAND, Albert A. Barnhard and George R. Trogdin, individually, and as co-partners d/b/a Bar-T-South Ranch, Appellees.
No. 60-448.
District Court of Appeal of Florida. Third District.
June 8, 1961.
Adhered to After Rehearing July 12, 1961.
*521 Welsh, Cornell, Pyszka & Carlton; Sam Daniels, Miami, for appellant.
Charles C. Papy, Jr., Miami, for appellees.
Before HORTON, C.J., and PEARSON, TILLMAN, and CARROLL, CHAS., JJ.
PEARSON, TILLMAN, Judge.
The plaintiff, Kathryn C. Gordon, individually and as executrix of her husband's estate, appeals from a final judgment entered pursuant to an order directing a verdict for the defendants at the close of the plaintiff's case. The question presented is whether the evidence is sufficient to make a case of actionable negligence.
Plaintiff-wife and her deceased husband were driving on a two-lane state highway. Mr. Gordon, the deceased, was driving within the speed limit. It was dark and the car lights were on. The automobile collided with two black angus cows which were on the road and which admittedly belonged to the defendants. Both plaintiff and her husband were injured and Mr. Gordon subsequently died from the injuries he sustained.
The defendants, as partners, owned and operated a 400-acre ranch which has four gates along the highway in question. The defendant, Sutherland, was the only partner residing on the ranch, and, on the evening in question he and his family had gone to town. Before leaving the ranch unattended Mr. Sutherland had checked the gates and found them secure. The gate, which led to the pasture where these particular cows were confined, was fastened with a shutter-type latch and at the top of the gate a rope was "wrapped and tied."
Mr. Sutherland returned immediately after the accident to the pasture, from which the cows had escaped, and found that the fence was intact, the gate was latched, but that the rope with which he had secured the top of the gate, was tied with a knot of a different kind than he had used. The next day he found jeep tire tracks coming out of the gate in question and found that the tracks led across his land to his rear gate.
The testimony as to Mr. Sutherland's actions was given by him after having been called by the plaintiff as an adverse *522 witness. But the facts thus established were in no part refuted and therefore now constitute a part of the facts of the case. Rule 1.37(a), Florida Rules of Civil Procedure, 30 F.S.A.; City of Detroit v. Porath, 271 Mich. 42, 260 N.W. 114[1], 126; cf. Brannen v. State, 94 Fla. 656, 114 So. 429; Kinney v. Mosher, Fla.App. 1958, 100 So.2d 644.
Appellant urges that sections 588.14 and 588.15, Fla. Stat., F.S.A., were violated and evidence of this violation constitutes some evidence of negligence. These sections read as follows:
"588.14 Same; duty of owner. No owner shall permit livestock to run at large on or stray upon the public roads of this state."
"588.15 Same; liability of owner. Every owner of livestock who intentionally, wilfully, carelessly or negligently suffers or permits such livestock to run at large upon or stray upon the public roads of this state shall be liable in damages for all injury and property damage sustained by any person by reason thereof."
The Supreme Court of Florida has had occasion to deal with Chapter 25236, Laws of Florida 1949, known as the Warren Act (of which these sections are a part) in Lynch v. Durrance, Fla. 1955, 77 So.2d 458, 459. While the holding of the court in the Lynch case is not of itself important to the present appeal, nevertheless in reaching this holding the Court found it necessary to first determine the nature of the liability imposed upon the owners of livestock by the Warren Act. The liability was held to be upon an owner, "who intentionally, wilfully, carelessly or negligently suffers or permits livestock to run at large or stray upon the public roads * * * for damages for all injury and property damage sustained by any person by reason thereof."
In view of this holding there is no merit in appellant's contention that the fact that an animal was running at large on the highway justified an inference that defendants had violated the statute. The evidence before the trial judge was completely devoid of proof that the defendants negligently suffered or permitted the cows to be on the highway; therefore, there was no evidence of negligence and no prima facie case. Any other holding would disregard the plain language of the statute.
Because there was no presumption of negligence from the fact that the cows were on the highway, it is unnecessary to consider appellant's contention that the appellee Sutherland's testimony created a jury question as to whether "the presumption of negligence was rebutted." Lastly we must reject appellant's contention that without consideration of the statute there was sufficient evidence of negligence to establish a case.
Affirmed.
NOTES
[1] The Michigan statute construed in City of Detroit v. Porath, supra, is not identical with our rule 1.37(a) F.R.C.P., but a careful reading will show that its effect is the same. This Statute appears as Section 27.915, Michigan Statutes Annotated, Comp.Laws 1948, § 617.66, and reads as follows:

"§ 27.915. Examination and cross-examination of opposite party or agent; right to impeach] Sec. 66. Hereafter in any suit or proceeding in any court of law or equity in this state, either party, if he shall call as a witness in his behalf, the opposite party, employe or agent of said opposite party, or any person who at the time of the happening of the transaction out of which such suit or proceeding grew, was an employe or agent of the opposite party, shall have the right to cross-examine such witness the same as if he were called by the opposite party; and the answers of such witness shall not interfere with the right of such party to introduce evidence upon any issue involved in such suit or proceeding, and the party so calling and examining such witness shall not be bound to accept such answers as true. (C.L. '29, § 14220; C.L. '15, § 12554.)"