160 So.2d 166 (1964)
Freddie LEE, Jr., Appellant,
v.
P.L. HINSON, Appellee.
No. 3943.
District Court of Appeal of Florida. Second District.
January 31, 1964.
Norman F. Solomon, Miami Beach, for appellant.
Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
PER CURIAM.
The appellant, who was the plaintiff in the court below, appeals a summary final judgment entered in favor of the defendant-appellee. We affirm.
In his complaint the plaintiff alleged facts to the effect that the defendant carelessly and negligently permitted his horses to roam at large upon a public highway, contrary to law; that the plaintiff was lawfully operating his automobile upon said public highway; that the plaintiff's motor vehicle collided with the defendant's horses; and that the plaintiff was injured and his automobile was demolished. The defendant's answer was in the form of a general denial. The defendant filed his motion for summary judgment and submitted in support thereof depositions and affidavits, all of which were served at least ten days before the hearing.
From the facts shown in support of the motion, the following salient conclusions are drawn: while lawfully driving upon a public highway, the plaintiff's automobile struck two horses at about 2:30 in the morning on July 24, 1962; the defendant owned the horses with which the plaintiff's automobile collided; the horses were kept in an enclosure constructed and maintained in a manner sufficient to retain them; sometime during the night of the accident the only gate to the enclosure was somehow opened; the horses escaped through the open gate, and two of them wandered onto the highway, where they were struck by plaintiff's automobile. The deposition of the defendant discloses that the gate to the enclosure was secured by a chain and snap hook which can be operated only by human hands and fingers; that the device cannot be operated by horses or similar animals; that the defendant himself did not open the *167 gate on the night in question; and that he had no knowledge as to who left the gate open. The defendant then named all of his employees, agents, servants and other persons who were authorized or permitted by him to use the gate and enter the enclosure. The affidavit of each person so named was submitted on defendant's behalf. The substance of these affidavits, taken together, is as follows: The gate was last observed late in the afternoon preceding the accident, and at that time the gate was secured by the chain and snap hook; shortly after the accident occurred, the gate was found open; there were prints of horses' hooves showing that the defendant's horses left the enclosure through the open gate; and none of the persons authorized or permitted by defendant to enter the enclosure left the gate open. The plaintiff's deposition reveals that he had no knowledge pertaining to the horses' escape from the pen, and there was nothing offered on plaintiff's behalf to contradict or impeach the proofs of the defendant.
In our view, this record discloses a classic example of the intent and purpose to be accomplished by the rule authorizing summary judgment. The defendant in this case met the burden imposed upon movants for summary judgment by clearly and unequivocably establishing, by depositions and affidavits supporting his motion, that even after drawing all reasonable inferences in favor of the plaintiff, there are no material facts by virtue of which the plaintiff's position might be sustained upon trial; that there is no genuine issue as to any material fact, and therefore nothing could have been accomplished by submitting the cause to a jury; and that the defendant was entitled to summary judgment as a matter of law. The record here establishes, without genuine issue as to any material fact, that neither the defendant nor his servants or agents, for whose acts the defendant would be responsible, was negligent. The mere fact that the defendant's horses were running at large upon the public highway does not justify an inference that the defendant intentionally, willfully, carelessly or negligently permitted them to so run at large on the highway in violation of § 588.14, Florida Statutes, F.S.A. See Gordon v. Sutherland, Fla.App. 1961, 131 So.2d 520. The record clearly and unequivocably establishes that the defendant was entitled to summary judgment.
Affirmed.
SMITH, C.J., and KANNER and WHITE, JJ., concur.