CARROLL, DONALD K„ Judge.
The plaintiffs in a negligence action have appealed from a final judgment for the defendant entered hy the Circuit Court for Madison County upon a verdict directed at the trial hy the court.
The question for our determination in this appeal is whether the plaintiffs at the trial adduced any competent, substantial evidence from which the jury could have reasonably concluded that the defendant negligently permitted certain of his livestock to stray upon a public road so that they collided with the automobile in which the plaintiffs were riding.
The undisputed evidence at the trial established the following facts:
On November 17, 1961, the defendant purchased 35 head of cattle, and transported them to his property in Madison County at about sundown. After turning these cattle loose in a fenced enclosure, the defendant or his employees used two two-by-six lengths of lumber to nail shut the 12-foot gate to the enclosure. This lumber was nailed, across the top and bottom, to the posts on either side of the gate. The fence around this pasture land was a woven-wire fence with two or three strands of barbed wire across the top of it. Approximately two hours later, at about 8 P.M., the plaintiffs were driving upon a public road adjacent to the defendant’s property when the automobile in which they were traveling ran into three of the defendant’s said cattle, which had darted across the road in front of them. The plaintiffs were injured and their car was damaged as a result of the collision.
The defendant, as a witness for the plaintiffs, testified without contradiction that his cattle, in order to reach the public road from the enclosure in which he placed them, had broken through the nailed gate of the fence enclosing the pasture in which they were grazing, then travelled some distance west away from the said public road and went through another gate and wooden fence before arriving in a field adjacent to the said road, which field was surrounded by a defective electric fence, which marked the boundary of the defendant’s property and was adjacent to the said road near where the collision occurred.
On March 20, 1964, the plajntiffs filed their complaint in the Circuit Court for Madison County, seeking damages from the defendant on account of their personal injuries and property damage suffered as a result of the said collision with the defendant’s cattle. They allege in their complaint that the defendant on the date of the collision carelessly and negligently permitted certain of his cattle to run at large upon,, or stray upon, the said public road because of his failure to maintain in reasonably good condition a fence for the enclosure of his said cattle, in violation of Sections 588.11 and 588.15, Florida Statutes, F.S.A. To this complaint the defendant duly filed his answer, denying the alleged negligence and consequences thereof.
The plaintiffs in their complaint specifically base their cause of action upon two statutory provisions, alleging in their complaint that on the date in question the defendant “carelessly and/or negligently suffered, allowed or permitted certain of his stock, to-wit: certain cattle, to run at large upon, or stray upon the above said public road at said time and place, because of his failure to maintain in reasonably good condition, a fence for the enclosure of said cattle, so that said cattle were permitted to escape from his lands, and be at large upon *190 the above said public road in Madison County, Florida, contrary to the provisions of Sections 588.15 and 588.11 of the Florida Statutes [F.S.A.].”
The first statutory provision (Section 588.15) thus cited and invoked in the complaint reads as follows:
“Every owner of livestock who intentionally, wilfully, carelessly or negligently suffers or permits such livestock to run at large upon or stray upon the public roads of this state shall be liable in damages for all injury and property damage sustained by any person by reason thereof.”
The second statute which the plaintiffs cite and rely upon in their complaint (Section 588.11) provides:
“The owner of legally enclosed land shall maintain in reasonable good condition the fence or enclosure around such land and shall maintain in legible condition any and all posted notices as required by §§ 588.09, 588.10, but a substantial or reasonably effective compliance with the provisions of §§ 588.011, 588.09, 588.10, disregarding minor or inconsequential differences in the size, shape or condition thereof, shall be sufficient for the purpose of evidencing the legal enclosure of said land.”
Section 588.15, quoted above, must be read in pari materia with the preceding provision, Section 588.14, which lays down the owner’s duty, the negligent breach of which, under Section 588.15, makes the owner liable in damages, as follows: “No owner shall permit livestock to run at large on or stray upon the public roads of this state.”
Sections 588.14 and 588.15 are, respectively, Sections 3 and 4 of Chapter 25236, Laws of Florida, Acts of 1949, popularly known as the Warren Act, after the name of the Governor who promoted the passage of this law designed to reduce the number of deaths, personal injuries, and property damages resulting to the motoring public from collisions with animáis running at large or straying upon the public roads of Florida. This purpose must, of course, be kept in mind in construing the provisions of the Warren Act.
Since the complaint in this case alleges only negligence on the part of the defendant in permitting his cattle to run at large upon the public road in question and does not allege that he “intentionally” or “wil-fully” did so (which quoted words are used in Section 588.15), we are concerned in this appeal only with the question whether the evidence at the trial was sufficient to support a finding by the jury that the defendant “carelessly or negligently” permitted his cattle to run at large upon the public road in question, so as to make out a case of liability under the provisions of Section 588.15.
We are aided in our construction of Section 588.15 by two decisions of our sister district courts of appeal: Gordon v. Sutherland, 131 So.2d 520 (1961) and Lee v. Hinson, 160 So.2d 166 (1964).
In the first of these two cited cases, Gordon v. Sutherland, supra, the Third District Court of Appeal held that the fact that the defendants’ cows were running at large on a highway on which the plaintiff and her husband (killed in the collision with the cattle) were travelling, did not justify the inference that the defendant owner of the cows had violated Sections 588.14 and 588.-15. The appellate court held that the evidence at the trial was devoid of proof that the defendants had “negligently suffered or permitted the cows to be on the highway,” and upheld the trial court’s direction of a verdict for the defendants.
The foregoing rule laid down in the said Gordon case was recognized and applied by the Second District Court of Appeal in Lee v. Hinson, 160 So.2d 166 (1964), involving an action brought by a motorist whose automobile collided with the defendant’s horses at night on a public highway, causing personal injuries to the plaintiff and the destruction of his automobile. The circuit court entered a final summary judgment for *191 the defendant and the plaintiff appealed. Affirming this judgment, the Second District Court of Appeal invoked the above rule recognized in the Gordon case, supra, and said:
“The record here establishes, without genuine issue as to any material fact, that neither the defendant nor his servants or agents, for whose acts the defendant would be responsible; was negligent. The mere fact that the defendant’s horses were running at large upon the public highway does not justify an inference that the defendant intentionally, willfully, carelessly or negligently permitted them to so run at large on the highway in violation of § 588.14, Florida Statutes, F.S.A. See Gordon v. Sutherland, Fla.App.1961, 131 So.2d 520. The record clearly and unequivocally establishes that the defendant was entitled to summary judgment.”
The appellate court’s affirmance of the said summary judgment was based upon the following facts proven in support of the defendant’s motion for a summary judgment: that the defendant’s horses
“ * * * were kept in an enclosure constructed and maintained in a manner sufficient to retain them; sometime during the night of the accident the only gate to the enclosure was somehow opened; the horses escaped through the open gate, and two of them wandered onto the highway, where they were struck by plaintiff’s automobile. The deposition of the defendant discloses that the gate to the enclosure was secured by a chain and snap hook which can be operated only by human hands and fingers; that the device cannot be operated by horses or similar animals; that the defendant himself did not open the gate on the night in question; and that he had no knowledge as to who left the gate open. The defendant then named all of his employees, agents, servants and other persons who were authorized or permitted by him to use the gate and enter the enclosure. The affidavit of each person so named was submitted on defendant’s behalf. The substance of these affidavits, taken together, is as follows: The gate was last observed late in the afternoon preceding the accident, and at that time the gate was secured by the chain and snap hook; shortly after the accident occurred, the gate was found open; there were prints of horses’ hooves showing that the defendant’s horses left the enclosure through the open gate; and none of the persons authorized or permitted by defendant to enter the enclosure left the gate open. The plaintiff’s deposition reveals that he had no knowledge pertaining to the horses’ escape from the pen, and there was nothing offered on plaintiff’s behalf to contradict or impeach the proofs of the defendant.”
We recognize the validity of the rules and the holdings of our sister district courts of appeal in the foregoing cases of Gordon v. Sutherland and Lee v. Hinson. As a consequence of such recognition, we think that the following rules are applicable to the present action, as well as to other similar actions based upon the provisions of Sections 588.14 and 588.15, Florida Statutes, F.S.A.; the mere fact that the defendant’s cattle were running at large upon the public road does not justify an inference that the defendant intentionally, willfully, carelessly, or negligently permitted them to do so; that the plaintiff, therefore, in order to recover damages, has the burden of proving that the defendant, or his agents or employees, intentionally, willfully, carelessly, or negligently permitted his cattle to run at large or stray upon the public road; that, whether or not the defendant had placed his cattle within an enclosure constituting a “legal fence” as defined by the earlier provisions of Chapter 588, Florida Statutes, F.S.A., he may be held liable under Sections 588.14 and 588.15, if the proof shows that he intentionally, willfully, carelessly, or negligently permitted his cattle to run at large upon the public road in ques *192 tion (as by negligently leaving open the gate to the said enclosure.)
Applying the just-enumerated rules to the evidence at the trial in the case at bar, we arrive at the following conclusions: Since there was no allegation, and no proof purporting to show, that the defendant intentionally or willfully permitted his cattle to run upon the public road on which the collision occurred, the only question is whether the defendant carelessly or negligently did so. The burden to prove such carelessness or negligence was upon the plaintiffs, and their failure to present such evidence at the trial justified the trial court in granting the defendant’s motion for a directed verdict.
We recognize the general proposition that ordinarily questions of negligence vel non should be left to the determination of juries or other triers of the facts, and that trial courts in such cases should only with caution direct verdicts at trial or enter summary judgments before trial on such questions. Nevertheless, trial and appellate courts have, under our system of jurisprudence, retained the power to determine as a matter of law whether certain evidence is sufficient to support a conclusion by the finders of facts as to a question of negligence. This vestigial power of the courts is essential in order to fulfill the ultimate goal of our court system to achieve justice under law.
Applying the foregoing rules to the evidence at the trial in the case at bar, we do not think that from the said evidence the jurors could have reasonably found that the defendant had carelessly or negligently permitted his cattle to run at large or stray upon the public road where the collision occurred, as contemplated by Sections 588.14 and 588.15, Florida Statutes, F.S.A. The undisputed evidence showed that the defendant had placed his cattle not only within one fenced enclosure but within three fenced enclosures, so that the cattle would have to break down all three fences (or their gates) before they could reach the public road where the collision occurred. We do not think that it could reasonably be held that the defendant should have foreseen that his cattle would break down the sturdy gate of the first enclosure, travel in the opposite direction from the road and break down a second gate and fence, and then later break down the electric fence bordering on the public road.
We hold, therefore, that the trial court properly directed the verdict for the defendant and that the final judgment appealed from, entered upon such directed verdict, should be and it is
Affirmed.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.