ALLEN, Acting Chief Judge.
Appellant, plaintiff below, appeals a final judgment entered by the court below from a directed verdict in favor of appellee, defendant below. The appellant brought suit for the wrongful death of his minor daughter as a result of an automobile collision with a horse owned by appellee.
The undisputed facts are found to be as follows. On June 24, 1966, at 10:20 P.M. the appellant’s 16 year old daughter, Eloise Hughes, was a passenger in an automobile being driven on East Columbus Drive near its intersection with 57th Street in Tampa, Florida. This location is inside the city limits of Tampa. The automobile collided with a horse which crossed into the path of the oncoming vehicle. The horse was owned by the appellee who kept it enclosed in a pasture behind his residence which was near the scene of the accident. As a result of this collision the appellant’s daughter suffered severe injuries and subsequently died several days later without regaining consciousness.
The disputed facts center around the condition of the fence at the time of the accident and the alleged negligence of the ap-pellee in allowing the horse to escape from the enclosed pasture.
The fence in question was a three strand barbed wire fence with a cattle gap type of gate. The appellant offered testimony showing that he had made an inspection of the fence two days after the death of his daughter.
Appellant’s testimony showed that while inspecting the fence he found several faulty conditions. He found that there were no hinges or locks on the cattle gap gate. This gate was secured by two ropes, one at the bottom and one at the top, that were dry rotted and flimsy. The bottom rope was not tied but the top rope was tied around the gate post.
Appellant also found a section of the fence where two adjacent posts were leaning at approximately a 45 degree angle. He noted that the wire at this section was loose and flimsy. He also stated that the rest of the fence was in fairly good condition.
Appellee’s testimony stated that at 7 P.M. on the night of the accident he and his wife fed the horse. He testified that he put the horse in the enclosed pasture and tied the cattle gap gate. He stated that was the last time he saw the horse because he left immediately to go to work. Appellee also testified that he was familiar with the two leaning posts because a few weeks earlier he had braced them with 1x2 boards. He testified that he had no knowledge of how the horse had escaped.
Appellee’s counsel in his opening statement before the jury admitted that the cattle gap gate was down immediately after the accident and was still down the next morning. This was corroborated by appellee’s daughter. Appellee’s counsel also stated that it must have been unfastened by an unknown person. The inference of the unknown person was put into the minds of the jury but no proof was offered to support it.
*775 The question presented to us for determination is whether the trial court erred in granting the motion for a directed verdict. To answer this question we must determine if any material issues of fact existed in this case which should properly have beén decided by the jury as questions of fact and not by the trial court as questions of law. We find that both questions must be answered affirmatively and we therefore must reverse the ruling of the trial court and the final judgment.
After a careful review of the testimony and evidence presented we find that the facts as shown presented questions of fact to be determined by the jury.
Appellee, in support of his argument that the trial court did not err in granting the directed verdict, cites three cases involving similar fact situations. Gordon v. Sutherland, Fla.App.1961, 131 So.2d 520; Lee v. Hinson, Fla.App.1964, 160 So.2d 166; and Welch v. Baker, Fla.App.1966, 184 So.2d 188. In each of these three cases it was found that the record clearly and unequivocally established that the defendant was not negligent. It is best summed up by a statement made in the case of Lee v. Hinson, supra:
“ * * * The record here establishes, without genuine issue as to any material fact, that neither the defendant nor his servants or agents, for whose acts the defendant would be responsible, was negligent. The mere fact that the defendant’s horses were running at large upon the public highway does not justify an inference that the defendant intentionally, willfully, carelessly or negligently permitted them to so run at large on the highway in violation of § 588.14, Florida Statutes, F.S.A. * *
It is to be noted that in the above three cases it was clearly shown by the record that there was either an unknown third person involved or that it was not reasonably foreseeable that the animals would escape to the public road.
In the case sub judice we find that the record cannot be so clearly and concisely stated that the defendant was not negligent as a matter of law. We find no clear proof presented to uphold the statement by the counsel for appellee in essence that the gate was down and that it must have been done by some unknown person.
Facts have been presented which could show that appellee was negligent by not keeping the fence in proper condition under Florida Statutes §§ 588.14, 588.15 and § 4 — 12 of the City of Tampa Code. It is also a question of fact as to whether or not the appellee did tie the cattle gap gate after feeding the horse. If he didn’t then that could be the cause of the gate being down. Either one, the downed gate or the leaning section of fence, could have allowed the horse to escape. Either instance could be found to have been caused by the negligence of appellee and thus have allowed the horse to escape. This must be decided by a jury.
However, let it be clearly understood that we are not attempting to decide any of these issues of fact. Instead, we are reaching the decision that there were genuine and material issues of fact which must be submitted to a jury. We look to the proposition upheld in Bryan v. Loftin, Fla.1951, 51 So.2d 724, 725:
“ * * * This court has many times held that ‘The power granted to a trial court to direct a verdict during the trial of a cause where sufficient evidence has not been adduced to make out a case should be cautiously exercised so as not to infringe upon the organic right of trial by jury. If the evidence is conflicting or will permit of different reasonable inferences, or if there is evidence tending to prove the issues, it should be submitted to a jury as a question of fact to be determined by it, and not taken from the jury and passed upon by the Court as a question of law.’ ”
For the above reasons we reverse for a new trial.
PIERCE and MANN, JJ., concur.