288 So.2d 554 (1974)
Richard M. DAVIS, a Minor, by His Father and Next Friend, Richard E. Davis and Richard E. Davis, Individually, Appellants,
v.
Michael R. JOHNSON, Appellee.
No. 72-959.
District Court of Appeal of Florida, Second District.
January 25, 1974.
*555 Edward D. Carlson, of Carlson & Meissner, Clearwater, for appellants.
Douglas J. Loeffler, of Fox, Burton, George & Loeffler, Clearwater, for appellee.
PER CURIAM.
Appeal is taken in this negligence action from a summary judgment in favor of the defendant-appellee Johnson. We reverse.
The appellant minor, a passenger on a motorcycle, was injured when the motorcycle collided with a cow which was running at large near the defendant's property. The proof that the defendant owned the cow in question was circumstantial but the lower court conceded that ownership by the defendant could be inferred. The issue on this appeal is whether there are any facts or reasonable inferences therefrom tending to prove that the defendant improperly or inadequately fenced in his cattle, as a result of which they got loose and created the hazard from which appellants' damages ensued.
At first blush, this case appears to fall within the scope of Gordon v. Sutherland, Fla.App. 3rd, 1961, 131 So.2d 520, and Lee v. Hinson, Fla.App. 2nd, 1964, 160 So.2d 166, in that on the night of the accident the defendant's cattle apparently escaped through a gate which was inexplicably open after the defendant's caretaker had previously secured it. However, the depositions reveal that neighborhood children and older persons often went in and out of the pasture, perhaps at will, and frequently left the gate open after passing through. The defendant's cattle had escaped through the open gate on a number of previous occasions.
A land owner can be held liable for injuries inflicted by trespassers upon persons outside his premises if he had reason to anticipate that the trespasser would engage in the conduct which caused the injury and thereafter had a reasonable opportunity to prevent or control such conduct. See 2 Harper and James, The Law of Torts, at page 1526. Cf. DeRyss v. New York Cent. R. Co., 275 N.Y. 85, 9 N.E.2d 788 (1937).
The facts concerning the continued presence of unauthorized persons and the steps taken by the defendant to prevent the pasture gate from being left open are not sharply focused in the depositions. After the testimony is presented at the trial, the judge will be in a better position to determine whether or not the evidence is sufficient to permit the case to go to the jury.
Accordingly, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON, A.C.J., and McNULTY and GRIMES, JJ., concur.