315 So.2d 503 (1975)
Donald Eugene PREVATT and M. Jacquline Prevatt, Husband and Wife, Appellants,
v.
Jack CARTER and General Accident Fire and Life Assurance Corporation Ltd., a Foreign Corporation, Appellees.
No. 74-1055.
District Court of Appeal of Florida, Second District.
July 9, 1975.
*504 John B. Cechman of Goldberg, Rubinstein & Buckley, Fort Myers, for appellants.
Patrick E. Geraghty of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
BOARDMAN, Judge.
Appellants/plaintiffs appeal from entry of an order granting a motion for directed verdict rendered in favor of appellees/defendants in a negligence action.
The plaintiffs sued the defendants for personal injuries sustained by appellant, Donald Prevatt, on the night of November 12, 1972, while he was operating his motorcycle on a public road in the City of Fort Myers. He ran into a black cow which his complaint alleged was owned by the defendant, Carter.
The principal issue for our determination is whether the trial court erred in granting appellees' motion and directing a verdict for the appellees at the conclusion of appellants' case, and in excluding certain evidence from the jury's consideration.
After careful review of the record, briefs and oral argument, we find that the trial court did err and we reverse and remand for new trial.
It is well settled in Florida, and hardly necessary to require citations of authority, that on appeal from a directed verdict for the defendant, the evidence must be viewed in the light most favorable to the plaintiff, and we must accord all inferences favorable to the plaintiff which the evidence supports. When considered in this light, it appears from the record here that appellant adduced sufficient competent evidence from which the jury could have reasonably inferred that the appellee, Jack Carter, owned the cow in question, i.e., there was evidence that some of Mr. Carter's cattle were branded with a rafter J, and that this brand was registered with the proper state agency. The rafter J brand was identified as being on the right hind quarter of the cow involved. Mr. Carter, testifying as an adverse witness, neither *505 admitted nor denied that he owned the cow. He further testified that his cattle were branded on the right side. True, there was a conflict in the testimony of the witnesses as to the ownership; but, nevertheless, the jury could have reasonably inferred from the testimony that Mr. Carter did own the cow. Of course, at this posture of the case, we do not decide, nor need we reach that decision, whether Mr. Carter did actually own the cow.
We deem it appropriate to point out for consideration of the trial judge and respective counsel, on retrial of the case, that we believe that evidence that the appellee's cows were on this roadway on prior occasions is admissible. Clearly, the ownership of the cow is an essential element of appellants' proof, but, standing alone, does not raise an inference of negligence on the part of the appellee.
In addition to proving ownership, the appellants, if they are to be successful, have the burden under the Warren Act to prove negligence of the appellee. This court has held in Hughes v. Landers, Fla.App.2d, 1968, 215 So.2d 773, citing from the case of Lee v. Hinson, Fla.App.2d, 160 So.2d 166, that:
"... The mere fact that the defendant's horses were running at large upon the public highway does not justify an inference that the defendant intentionally, willfully, carelessly or negligently permitted them to so run at large on the highway in violation of § 588.14, Florida Statutes, F.S.A... .."
See, also, Gordon v. Sutherland, Fla.App.3d, 1961, 131 So.2d 520, and Welch v. Baker, Fla.App.1st, 1966, 184 So.2d 188, cited in Hughes, supra. The parties agree that this is a correct statement of the law.
The appellants offered to prove by their witnesses that appellee's cows had been seen out of the pasture on several different occasions shortly prior to the time this accident occurred. Appellants were prevented from doing so when, on motions of counsel for the appellees objecting to such testimony, the trial court granted the motions stating:
... The mere fact that he knew that they were getting out, I can't see is any basis for inference of negligence... .
In so ruling, for the reasons stated we submit, the trial court misconstrued our ruling in Hughes, supra.
We believe that the appellee's prior knowledge that his cows were getting out of his pasture would be sufficient proof for the jury to infer negligence of the appellee, thus, placing upon the appellee the burden of coming forward with an appropriate explanation. How else could appellants meet their burden of proving negligence of the appellee? The appellants offered to proffer testimony of several witnesses that appellee's cows had gotten out of the pasture on prior occasions. Mr. Carter testified that he had received complaints from neighbors and from the sheriff's office that his cows were getting out of the pasture. This testimony was stricken by reason of the judge's rulings mentioned above. The testimony was an essential element of appellants' proof  it is relevant and material. The testimony that appellee's fence was in need of repair and that his cows were seen going through the fence was also material and relevant. This holding is entirely consistent with this court's decision in Hughes, supra.
There being sufficient testimony on the issue of ownership of the cow, we find that the trial court erred in taking the case away from the jury at the conclusion of the appellants' case. As we attempted to point out in this opinion, evidence as to the condition of appellee's fence and that cows owned by the appellee were getting out of his pasture at times shortly prior to this *506 accident is admissible to prove negligence of the appellee. The appellants are entitled to their full day in court, they didn't get it.
Reversed and remanded.
McNULTY, C.J., and HOBSON, J., concur.