421 So.2d 606 (1982)
Herschel McKINZIE, Jr., a Minor by and through His Parents and Next Friends, Herschel McKinzie, Sr., and Marilyn McKinzie and Herschel McKinzie, Sr., and Marilyn McKinzie, Individually, Appellants,
v.
HOLLYWOOD, INC., Appellee.
No. 81-896.
District Court of Appeal of Florida, Fourth District.
October 13, 1982.
Rehearing Denied December 1, 1982.
*607 Stephen G. Fischer of Fox & Fischer, Miami, for appellants.
Richard A. Sherman of Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy, Miami, for appellee.
HURLEY, Judge.
The plaintiffs, now appellants, assert that the trial court erred in vacating a default and in entering a judgment on the pleadings in favor of the defendant. We affirm the order setting aside the default, but we reverse the judgment on the pleadings because the complaint set forth a viable legal theory by alleging that the defendant landowner negligently failed to take reasonable steps to prevent persons on its property from injuring people traveling on an adjoining street.
This suit was instituted against the landowner by a minor child and his parents. They alleged that the child, while a passenger in a car traveling on a street abutting the defendant's property, was hit on the head and severely injured by a rock thrown from the defendant's property. They also alleged that the defendant created or permitted a dangerous tree fort, stockpiled with rocks, to remain on the defendant's property. Further, plaintiffs alleged that the defendant knew or should have known of numerous prior incidents of rock throwing at cars from the fort and that the defendant knew or should have known that the fort constituted a dangerous nuisance to persons passing by the property on the adjoining street. Finally, plaintiffs asserted that the defendant failed to take reasonable steps to protect the persons passing by from suffering injuries at the hands of the rock throwers.
The defendant failed to answer and a default was entered. Later, the trial court vacated the default and entered a judgment on the pleadings in favor of the defendant.
The first issue we must decide is whether the trial court abused its discretion in setting aside the default. Florida has a long standing policy of liberality towards the vacating of defaults. North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962). Because of this policy, a greater showing is required to reverse an order granting a motion to vacate a default than is required to reverse a denial of such a motion. B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345, 1347 (Fla. 3d DCA 1981). In the present case, we believe that the appellants have failed to demonstrate a gross abuse of discretion by the trial court. See North Shore Hospital, Inc. v. Barber, supra; Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977). Therefore, we affirm the order setting aside the default.
With regard to the propriety of the judgment on the pleadings, we begin with the well-established rules governing motions for judgments on the pleadings. We have previously summarized these rules as follows:
Under Rule 1.140(c), Fla.R.Civ.P., all material allegations of the opposing party's pleading are to be taken as true, and all those of the movant which have been denied are taken as false... . Since an answer requires no responsive pleading, all allegations contained therein are deemed denied.... Such a motion is to be decided wholly on the pleadings without the aid of outside matters... . Judgment on the pleadings may be granted only if, on admitted facts, the moving party is clearly entitled to judgment as a *608 matter of law... . It is improper for a trial court to enter judgment on the pleadings where a factual question is involved.
Krieger v. Ocean Properties, Ltd., 387 So.2d 1012, 1013-14 (Fla. 4th DCA 1980) (citations omitted).
Next, we must consider the substantive law governing the plaintiffs' claim. That law was set forth in Davis v. Johnson, 288 So.2d 554 (Fla. 2d DCA 1974). The court said that,
A land owner can be held liable for injuries inflicted by trespassers upon persons outside his premises if he had reason to anticipate that the trespasser would engage in the conduct which caused the injury and thereafter had a reasonable opportunity to prevent or control such conduct.
288 So.2d at 555.[1]
The complaint in the present case alleges the elements set forth in Davis. Therefore, it was improper for the trial court to enter judgment on the pleadings.
The appellee has asserted that the rock throwing was an unforeseeable intervening cause that should relieve the landowner of liability. That argument, however, misses the mark. If the landowner was negligent at all, it is because it failed to take reasonable steps to prevent the rock throwing. See, e.g., Holley v. Mt. Zion Apartments, Inc., 382 So.2d 98, 101 (Fla. 3d DCA 1980).
The appellee has also attempted to draw an analogy between the liability of landowners to persons outside their land and the liability of landowners to trespassers. The analogy fails, however, because different considerations apply. As our Supreme Court has said, the basic reason for special rules governing the liability of landowners to trespassers is "that a property owner is entitled to some privacy upon his own premises and should not be bound to those who choose to avail themselves of it at will." Wood v. Camp, 284 So.2d 691, 696 (Fla. 1973). This policy consideration does not apply when the injured party was outside the landowner's property.
Finally, we wish to emphasize that we are not expressing any opinion about whether the plaintiffs will ultimately succeed in their attempt to prove negligence by the landowner. It may well be that the landowner had no reason to anticipate the rock throwing incident or that there were no reasonable steps by which it could prevent the incident. At this juncture, however, we are required to reverse because the allegations of the complaint set forth a viable legal theory.
Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] Dean Prosser has summarized the law in this area as follows:

There have been surprisingly few cases dealing with the liability for the conduct of trespassers and others acting without the possessor's knowledge or consent. It seems clear, however, that he is not liable for such conduct, or conditions resulting from it, until he knows or should know of the danger, but that once he has had a reasonable opportunity to discover the situation he is under a duty to exercise proper care to prevent harm to others.
Prosser, Law of Torts, § 57 at 356-57 (4th ed. 1971 West) (footnotes omitted).