PER CURIAM.
Plaintiffs John and Karen James appeal from an order granting final summary judgment in favor of defendant Edwin Skinner. They contend that there were genuine issues of material fact; therefore, the issues of negligence and proximate cause should have been submitted to a jury.
On December 17, 1982, plaintiff John James was injured in the early morning darkness while driving down a highway when his automobile struck two of the defendant’s horses which had escaped from a nearby pasture. The defendant, in a deposition, testified that he had secured the gate to the pasture about 10:00 p.m. the night before, but upon investigation after the accident, he found the gate open. The gate is secured by a chain which is hooked over a nail in the gate post. The defendant had bent the nail slightly down and in toward the direction of the gate in order to make it possible to get the chain over it. Even after the nail had been bent, it remained difficult to stretch the chain over it.
As a result of the incident, plaintiffs filed a negligence action for damages against the defendant. The defendant denied any negligence on his part and moved for summary judgment alleging that there were no genuine issues of material fact. After reviewing the pleadings and depositions, the trial court granted defendant’s motion and entered final summary judgment in his favor.
Upon examination of the defendant’s deposition and the photographs of the gate, we do not believe that the defendant met the burden of conclusively proving that he had not negligently permitted his livestock to stray on the public roads. § 588.15, Fla.Stat. (1983); Visingardi v. Tirone, 193 So.2d 601 (Fla.1966). Defendant relies primarily on Lee v. Hinson, 160 So.2d 166 (Fla. 2d DCA), cert. denied, 166 So.2d 594 (Fla.1964), to uphold the summary judgment. Lee is distinguishable. There, the gate through which the horse escaped was secured by a snap lock which could be opened only by human hands. We believe the facts in this case are susceptible to the inference that the chain could have been brushed over the head of the nail by one of the horses.
Accordingly, we reverse the final summary judgment and remand for trial.
GRIMES, A.C.J., and SCHEB, J„ concur.
SCHOONOVER, J., dissents with opinion.