THREADGILL, Judge.
John Hammond appeals judgment on the pleadings entered in favor of his former employer in his suit for damages for breach of contract. We find that the court erred in granting judgment on the pleadings and reverse.
The subject of this dispute is an employment contract executed by John Hammond and Decorator’s Services, Inc. (Decorator's). The employment contract was for a term of one year and for each successive one-year period thereafter, unless either party gave the other two weeks written notice prior to the end of a term. The contract was otherwise terminable only by death, retirement or resignation of the employee, by the employer going out of business or into bankruptcy, by law, or by the failure of the employee to properly conduct himself or faithfully perform his duties. The contract obligated Hammond to dedicate his time, energy and skills to the best of his ability to services as directed by Decorator’s, and obligated Decorator’s to pay Hammond specified compensation. The contract also contained a non-compete clause which prohibited Hammond, a sales representative, from working for any competitor of Decorator’s in Florida for three years following his separation from Decorator’s.
After approximately one year and nine months on the job, Hammond was terminated by Decorator’s. He filed a complaint alleging wrongful discharge and breach of contract and attached a copy of the written contract. Decorator’s answered, and later amended its answer to include as an affirmative defense that the contract was “indefinite and terminable at will and lacked mutuality of remedy or obligation.” Immediately after filing this amended answer, Decorator’s moved for judgment on the pleadings based on these same grounds. After a hearing, the court granted the motion for judgment, and later denied a motion for rehearing. In the pleadings then before the court, Hammond had denied all affirmative defenses raised by Decorator’s.
When considering a motion for judgment on the pleadings pursuant to Fla. R.Civ.P. 1.140(c), the court’s sole inquiry is whether the complaint states a cause of action. Appel v. Scott, 479 So.2d 800 (Fla. 2d DCA 1985). Judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment as a matter of law. McKinzie v. Hollywood, Inc., 421 So.2d 606 (Fla. 4th DCA 1982). Because a motion for judgment on the pleadings must be decided only on the pleadings and attachments thereto, taking all well pled allegations as true, the court could properly grant this motion only by finding that the contract was “indefinite and terminable at will [lacking] mutuality of remedy or obligation” and therefore void. Shay v. First Federal of Miami, Inc., 429 So.2d 64 (Fla. 3d DCA 1983).
Our interpretation of the contract indicates that the employer could terminate employment without cause only by giving two weeks notice at the end of any one-year term. Although Hammond’s employment was terminable by his voluntary resignation, we find that the non-compete clause of the contract would remain binding and enforceable by the employer for three years after termination of employment. The terms of the contract were *523 therefore definite and there was mutuality of obligation.
Because the material allegations of Decorator’s answer and affirmative defenses are taken as false and those of Hammond are taken as true, we find that a cause of action was stated and that the trial court erred as a matter of law in granting the motion for judgment on the pleadings. Krieger v. Ocean Properties, Ltd., 387 So. 2d 1012 (Fla. 4th DCA 1980). We therefore reverse the order granting judgment to Decorator and remand for further proceedings.
Reversed and remanded.
CAMPBELL, A.C.J., and PARKER, J., concur.