PER CURIAM.
In this negligence action, we reverse the summary final judgment that the trial court entered against appellants/plaintiffs Stewart and Faye Vespi and in favor of appellees/de-fendants Donald and Bonnie Driggers. We conclude that material issues of fact remain, thereby precluding the entry of summary judgment.
Stewart Vespi was injured after his motor vehicle collided with a cow that had strayed upon the road. The Driggers own a cattle ranch adjacent to where the accident occurred. Two more ranches are within a one-mile radius. The cow that collided with Ves-pi’s vehicle lacked a brand mark from the Driggers’ ranch.
This court has held that even if ownership of the animal is not at issue, the mere pres *1103 ence of the defendant’s animal on the open road does not justify an inference of negligence. Lee v. Hinson, 160 So.2d 166 (Fla. 2d DCA 1964). On the other hand, this court has also held that summary final judgment should not be entered if the record raises the “slightest doubt” that an issue of fact might exist. Gomes v. Stevens, 548 So.2d 1163, 1164 (Fla. 2d DCA 1989). We conclude that affidavits filed by the Vespis generate issues of fact that make Lee distinguishable and mandate reversal of the summary final judgment.
The affidavit of the Vespis’ investigator averred that Donald Driggers had told him that he did not keep any records of his cattle and that 75 percent of his cattle were not branded. This affidavit also averred that one of the Driggers’ employees disclosed that before the accident, the gate had only been secured by a piece of barbed wire wrapped around a wooden post. An affidavit filed by the investigating state trooper averred that immediately after the accident cattle hoof-prints could be seen between the site of the accident and the dirt road leading up to the Driggers’ ranch.
In our view, the Vespis’ affidavits raise fact issues on whether the Driggers, as owners or as having custody or control, were legally responsible for the cow and on whether the gate was negligently maintained. We note that in Lee, in contrast to the instant case, the gate had been secured and no issue had been raised as to whether it had been negligently secured or maintained. 160 So.2d at 167.
Reversed and remanded.
PARKER, A.C.J., BLUE, J., and ADAMS, Durand J., Associate Judge, concur.