763 So.2d 1195 (2000)
Benjamin STEPHENSON, Appellant,
v.
Charles COBB, Jr., Appellee.
No. 98-2967.
District Court of Appeal of Florida, Fourth District.
January 26, 2000.
Ralph L. McGrath, Jr. of Vernis & Bowling of Fort Lauderdale, P.A., for appellant.
Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellee.
WARNER, C.J.
In a premises liability case, a jury awarded damages to a visitor on the premises who slipped on plywood lying at the entrance to the building. The landowner raises several issues, including two which we address: the admission of prior accident evidence and the sufficiency of the evidence to support the jury verdict on lost earning capacity. We affirm.
Appellee Cobb slipped on a wooden frame covered with plywood when exiting the rooming house owned by appellant Stephenson, the landowner. At the time of Cobb's slip and fall, the structure was described as wet from rain, "half damaged," "warped," and "bowed up." The photographs admitted in evidence reveal *1196 that all of these descriptions were accurate. The wooden pallets appear to be in advanced stages of deterioration. Cobb's expert testified that the wooden pallets violated a number of building code provisions. Stephenson's expert testified that the pallet was not covered by any code provisions, but did not testify that the pallet was in a safe condition.
At trial, Cobb introduced the deposition testimony of the caretaker who lived at the rooming house, Robert Murray. Mr. Murray testified that he installed the wooden pallets to keep sand from being tracked into the building. He explained that someone had built the pallets for him. Over Stephenson's objection, Cobb was allowed to read Murray's further response that "the kids play on them and they fall and skin themselves." Stephenson now asserts that the admission of this testimony is reversible error.
Prior similar accident evidence is admissible for the purpose of showing the existence of dangerous premises if the prior accident conditions are substantially similar to the litigated case and there is a reasonable proximity in time. See Perret v. Seaboard Coast Line R.R. Co., 299 So.2d 590, 592 (Fla.1974); see also Charles W. Ehrhardt, Florida Evidence § 411.2 (1999). The burden falls on the proponent of admission of prior accident evidence to lay a sufficient predicate to establish the similarity and time proximity of the two incidents. See, e.g., Railway Exp. Agency, Inc. v. Fulmer, 227 So.2d 870, 873 (Fla. 1969); Ashby Div. of Consol. Aluminum Corp. v. Dobkin, 458 So.2d 335, 337 (Fla. 3d DCA 1984). However, determinations of whether the incidents are sufficiently similar "should be left to the sound discretion of the trial judge." Lawrence v. Florida E. Coast Ry. Co., 346 So.2d 1012, 1015 (Fla.1977). We therefore review under the abuse of discretion standard.
Stephenson objected to the introduction of the statement regarding children falling on the pallets, stating that "I don't want [the jury] to think the wood brought there had anything to do with the kids falling... that that circumstance had anything to do with this." Cobb's attorney responded, "[i]t appears in the testimony these were built, the kids were playing on it, and since he [sic] fell, that he gave them to Mr. Murray." It is impossible for us to tell when the children fell on these pallets, whether it was before or after installation at the rooming house. Nor can we discern whether the conditions were similar. The trial court simply overruled the objection without more. We cannot conclude that this very ambiguous statement regarding the children playing and falling on the pallets was sufficiently similar to justify its admission under the Perret standard. However, based upon a full review of the record, we conclude that no harmful error has been shown or that a miscarriage of justice has occurred. See § 59.041, Fla. Stat. (1997). The other evidence (including the photographs that allowed the jury to witness first hand the wood's deteriorated condition) and the limited use of the caretaker's comment about children falling on the wood support this conclusion. We therefore affirm.
Stephenson also complains that the evidence was insufficient to support the jury's verdict of $30,000 in loss of earning capacity. In preparing the interrogatory verdict form, the jury wrote $30,000 as "total damages over future years," 20 years as the number of years over which the future damages are intended to provide compensation, and then again put $30,000 as the present value of those future damages. The jury apparently put down the plaintiff's life expectancy (20 years) instead of his work expectancy (about 3 years). There was evidence which would support an earning capacity loss of $10,000 per year, which would amount to $30,000 for Cobb's remaining work life expectancy. We conclude that this is sufficient to sustain the jury verdict where the jury's intent is apparent. See *1197 McElhaney v. Uebrich, 699 So.2d 1033, 1036 (Fla. 4th DCA 1997).
As to the remaining issue regarding the exclusion of testimony offered to impeach Cobb, we affirm. See Dempsey v. Shell Oil Co., 589 So.2d 373, 377 (Fla. 4th DCA 1991).
DELL and GUNTHER, JJ., concur.