DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERNEST CARNAHAN,**
Appellant,

v.

**ROBERT W. NORVELL,**
Appellee.

No. 4D17-3948

[April 24, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet C. Croom, Judge; L.T. Case No. 56 2013 CA 000979.

Nicholas A. Shannin and Carol B. Shannin of Shannin Law Firm, P.A., Orlando, and Joseph H. Graves and Matthew M. Thomas of Graves Thomas Injury Law Group, Vero Beach, for appellant.

Caryn L. Bellus and Barbara E. Fox of Kubicki Draper, P.A., Miami, for appellee.

LEVINE, J.

Appellant was driving along an unlit road at 4:45 a.m. when he collided with cows that were on the roadway. The nearby gate that enclosed the cows' pasture was found open. Appellant sued appellee, the cows' owner, under the Warren Act, which establishes liability for owners of livestock. Under the Warren Act, an owner is liable for injuries due to livestock that come upon public roads due to the owner's intentional, willful, careless, or negligent actions in permitting the livestock to "stray upon" public roads. *See* § 588.15, Fla. Stat. (2012). Appellant claimed that the pasture's gate was left unlocked and unlatched, which allowed the livestock to escape and come upon the unlit road he was driving on. After a trial, the jury found that appellee was not liable under the Warren Act.

Appellant claims that the trial court erred in granting a motion in limine barring the introduction of evidence pertaining to prior instances where appellee's livestock had escaped their confinement. We find that the trial court did not err in granting the motion in limine. We also find the other issues raised to be without merit and affirm without further discussion.

Thus, we affirm the judgment below.

This court reviews a trial court's decision to admit or exclude evidence for abuse of discretion. *Sims v. Brown*, 574 So. 2d 131, 133 (Fla. 1991). Relatedly, whether an incident is sufficiently similar to be admissible as prior incident evidence is within the trial court's discretion. *Stephenson v. Cobb*, 763 So. 2d 1195, 1196 (Fla. 4th DCA 2000).

Pre-trial discovery mentioned multiple instances of appellee's cows escaping their pastures. During his deposition, appellee recounted several such incidents in general that had occurred over his thirty years raising cows in the area. The reasons for the cows' escapes were numerous, including hurricanes, hunters, felled trees, neighbors, and vandals, among other causes. Notably, none of the previous escapes were the result of appellee leaving a gate unlocked or unlatched.

Appellee subsequently moved to limit the introduction of any evidence pertaining to previous times his cows had escaped from their enclosed pastures. At the hearing on this motion, the parties discussed only one specific escape: an incident where appellee's cows escaped from a different pasture onto Carlton Road. Based on appellee's deposition testimony, the cows had left the pasture when dogs belonging to hunters on a neighbor's property scared the cows, causing them to run through or over the fence encircling their pasture. Only then did those cows make their way onto a road and become involved in a car collision.

Appellant only brought to the trial court's attention the facts and circumstances regarding the Carlton Road incident. Appellant did not proffer evidence of any other incidents. Further, neither party even argued any of the other prior incidents at the hearing, nor did appellant file any response to the motion challenging the exclusion of all those incidents from evidence. The trial court granted appellee's motion in limine, preventing appellant from introducing evidence of any prior escapes at trial.

Appellant, by failing to proffer or argue as to any of the incidents aside from the one that occurred on Carlton Road, waived his ability to contest the exclusion of any incident not specifically proffered in the trial court. *See Aarmada Protection Sys. 2000, Inc. v. Yandell*, 73 So. 3d 893, 898 (Fla. 4th DCA 2000) ("When the trial court excludes evidence, an offer of proof is generally necessary if the claimed evidentiary error is to be preserved for appellate review. Alternatively, if an adequate record of excluded evidence has been made at the hearing on the motion in limine, it is not necessary to make an offer of proof at trial.") (citation omitted). Appellant neither

2

proffered evidence as to the other incidents, nor did he argue against their exclusion at the motion in limine hearing. As such, he failed to preserve and cannot challenge the exclusion of any incident except the Carlton Road incident. *See id.*

As to the evidence regarding the Carlton Road escape, appellant preserved his argument, as evidenced by the record of the motion in limine hearing. *See id.* However, because that escape was not similar to the circumstances that led to appellant's crash and not relevant to the theory of negligence pursued at trial, the trial court properly excluded the evidence.

Another Warren Act case, *Prevatt v. Carter*, 315 So. 2d 503 (Fla. 2d DCA 1975), is instructive. In *Prevatt*, like in this case, the appellant was driving down a dark road and collided with a black cow. *Id.* at 504. Importantly, the Second District there noted—and we reiterate here—that the Warren Act is not a "strict liability" statute, but instead hinges upon a showing of negligence:

> The mere fact that the defendant's [livestock] were running at large upon the public highway does not justify an inference that the defendant intentionally, willfully, carelessly or negligently permitted them to so run at large on the highway in violation of [the Warren Act].

*See id.* (quoting *Hughes v. Landers*, 215 So. 2d 773, 775 (Fla. 2d DCA 1968)) (alterations added).

In *Prevatt*, the court determined that the appellant should have been permitted to introduce evidence that the appellee knew that his cows had gotten out of the same pasture before as evidence of appellee's negligence. *Id.* at 505-506. However, the instant case differs from *Prevatt* in several ways. First, the Carlton Road incident simply did not tend to prove or disprove appellee's negligence. Appellee had nothing to do with that escape; instead, it was dogs belonging to hunters who were on a neighboring property. As the Second District noted in *Prevatt*, the mere fact that livestock escaped does not establish negligence. *See id.* at 503. Rather, there must be a nexus to negligence. The Carlton Road escape, where third parties caused appellee's cows to leave their pasture, did not demonstrate any negligence by appellee, even if those escaped cows ultimately were involved in a car accident.

Additionally, appellant pursued a specific theory of negligence below: that appellee was negligent in maintaining his gate, which allowed the

cows to escape and collide with appellant's car. In light of this theory, the only livestock escape evidence appellant identified and proffered to the trial court was not similar incident evidence that would be probative and consequently admissible. The Carlton Road incident involved a fence; the instant case involves a gate. The Carlton Road incident occurred on a different pasture and the cows escaped onto a different road. Finally, as discussed above, the Carlton Road breakout was precipitated by the acts of third parties, not appellee, so it did not tend to prove "careless or negligent" action. Due to these key differences, the trial court did not abuse its discretion in excluding the Carlton Road incident evidence. *See Stephenson,* 763 So. 2d at 1196 (observing that determinations of whether incidents are sufficiently similar should be left to the sound discretion of the trial court).

Finally, any error in excluding the prior incident evidence was harmless. As detailed above, none of the proffered evidence actually went to negligence; as such, its exclusion could not have reasonably contributed to the verdict. *See Special v. West Boca Med. Ctr.,* 160 So. 3d 1251, 1256 (Fla. 2014). We therefore affirm.

*Affirmed.*

TAYLOR and CIKLIN, JJ., concur.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***

4