CASINO OPERATIONS, INC., DBA HACIENDA HOTEL & CASINO, LAS VEGAS, NEVADA, APPELLANT, *v.* CHRIS GRAHAM, RESPONDENT.

No. 6128

November 18, 1970                    476 P.2d 953

*Calvin C. Magleby,* and *Singleton, Beckley, DeLanoy, Jemison & Reid,* of Las Vegas, for Appellant.

*Wiener, Goldwater & Galatz,* of Las Vegas, for Respondent.

# OPINION

By the Court, BATJER, J.:

By way of a separate motion the respondent requested an order dismissing the appeal from the order denying appellant's motion to amend findings of fact, conclusions of law and judgment. We ordered that motion to be held in abeyance pending oral argument and submission.

Prior to January 1, 1953, the effective date of the Nevada Rules of Civil Procedure, the right of appeal was fixed by statute and no appeal was allowed except as therein provided. Johns-Manville, Inc. v. Lander County, 48 Nev. 244, 229 P. 387 (1924); Quinn v. Quinn, 53 Nev. 67, 292 P. 621 (1930). See also Brunzell Constr. v. Harrah's Club, 81 Nev. 414, 404 P.2d 902 (1965). Since January 1, 1953 (see Rogers v. Thatcher, 70 Nev. 98, 255 P.2d 731 (1953)) the right of appeal has been fixed by NRCP 72(b) and an appeal is not allowed if it is outside the scope of that rule.

An order denying a motion to amend findings of fact, conclusions of law and a judgment[1] is not an appealable order. NRCP 72(b);[2] Dignan v. Citizen's State Bank of Hamilton,

---

[1] An order denying a motion to amend findings of fact, conclusions of law and judgment is not a special order made after final judgment from which an appeal lies. Tardy v. Tarbell, 54 Nev. 342, 16 P.2d 656 (1932); Wilkinson v. Wilkinson, 73 Nev. 143, 311 P.2d 735 (1957).

[2] NRCP 72(b): "An appeal may be taken:

"(1) From a final judgment in an action or proceeding commenced in the court in which the judgment is rendered.

"(2) From an order granting or refusing a new trial, or granting or refusing to grant or dissolving or refusing to dissolve an injunction, or appointing or refusing to appoint a receiver, or vacating or refusing to vacate an order appointing a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, and from any special order made after final judgment.

"(3) From an interlocutory judgment, order or decree made or entered in actions to redeem real or personal property from a mortgage thereof or lien thereon, determining such right to redeem and directing an accounting, and from an interlocutory judgment in actions for partition which determines the rights and interests of the respective parties and directs partition, sale or division to be made.

"(4) If an order granting or refusing to grant a motion to change

396 P.2d 102 (Mont. 1964); Tompkins v. Sandeen, 67 N.W.2d 405 (Minn. 1954). Cf. Grenz v. Grenz, 78 Nev. 394, 374 P.2d 891 (1962); Harmon v. Tanner Motor Tours, 79 Nev. 4, 377 P.2d 622 (1963).

This brings us to the next procedural point raised by the respondent. He contends that an order denying a motion for a new trial cannot be construed as an appeal from a final judgment.

We recognize that the appellant has not complied with NRCP 73(b).[3] Therefore we must decide, upon the facts of this case, whether NRCP 1[4] and NRCP 61[5] are broad enough

---

the place of trial of an action or proceeding is not directly appealed from within thirty (30) days, there shall be no appeal therefrom on appeal from the judgment in the action or proceeding or otherwise, and on demand or motion of either party to an action or proceeding the court or judge making the order changing or refusing to change the place of trial of an action or proceeding shall make an order staying the trial of the action or proceeding until the time to appeal from such order, changing or refusing to change the place of trial, shall have lapsed; or if an appeal from such order is taken, until such appeal shall, in the appellate court, or in some other manner, be legally determined."

[3]NRCP 73(b): "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken. Notification of the filing of the notice of appeal shall be given by the clerk by mailing copies thereof to all the parties to the judgment other than the party or parties taking the appeal, but his failure so to do does not affect the validity of the appeal. The notification to the party shall be given by mailing a copy of the notice of appeal to his attorney of record or, if the party is not represented by an attorney, then to the party at his last known address, and such notification is sufficient notwithstanding the death of the party or of his attorney prior to the giving of the notification. The clerk shall note in the register of actions the names of the parties to whom he mails the copies, with date of mailing."

[4]NRCP 1: "These rules govern the procedure in the district courts in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action."

[5]NRCP 61: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

to allow this court to consider the appeal from an order denying the appellant's motion for a new trial to be an appeal from the judgment.

We have not heretofore decided this question. However, we may look to the federal courts for guidance to be gleaned from their construction of Federal Rules of Civil Procedure 73, which is the source of NRCP 73.

In the case of State Farm Mutual Automobile Ins. Company v. Palmer, 225 F.2d 876 (1955), there was no appeal from the judgment, but only an appeal from the denial of a motion for new trial and a motion to amend the findings of fact and conclusions of law. That court strictly construed the requirements of F.R.C.P. 73; held that the notice of appeal was defective and dismissed the appeal. The Supreme Court of the United States summarily reversed that decision in a per curiam opinion. 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956). There was no written expression of the High Court's rationale in reversing the circuit court. Subsequent to that opinion the federal courts have held that an appeal from an order denying a new trial amounted to an appeal from the judgment if it could be inferred from the notice of appeal, the designation of record, and the supersedeas bond that it was the intent of the appellant to appeal from the judgment. Railway Express Agency v. Epperson, 240 F.2d 189 (8th Cir. 1957); Holz v. Smullan, 277 F.2d 58 (7th Cir. 1960).

In this case the entire record was designated, and a supersedeas bond was filed in the exact amount of the judgment, therefore we conclude that here the appeal from the order denying a new trial is an appeal from the final judgment.

We now consider the case on its merits. In the latter part of 1966, the respondent and certain officers of the appellant corporation commenced negotiations for the respondent's services in providing junkets[6] to the appellant's hotel and casino. On December 10, 1966, by an exchange of letters, the respondent and the appellant entered into a written agreement engaging the respondent's services for the commencement of the junkets.

At the time of the initial agreement, the respondent was

---

[6]Within the gaming industry of this state, the word "junket" is understood to mean a group of individuals brought together, either outside or within the boundaries of this state for the expressed purpose of transporting them to either a specific community within this state, or to a specific gaming casino or hotel located within this state to enable the individuals to participate in gambling games if they so choose.

providing junkets for the appellant as well as for another hotel in the Las Vegas area. Dissatisfied with this arrangement, the appellant sought the exclusive services of the respondent. Negotiations resulted in a second written agreement dated February 18, 1967, which superseded the agreement of December 10, 1966.

The February 18, 1967 agreement, *inter alia,* provided that the respondent would bring junkets to the appellant's hotel. Such junkets were to be organized in the state of California, exclusively for the appellant. The ones from the Los Angeles area were to be provided for a period of one year from February 18, 1967. The respondent also agreed to organize and provide junkets from the San Francisco area.

On May 23, 1967, the appellant canceled the San Francisco flights and on June 4, 1967, refused to accept any more flights whatsoever with the full knowledge that numerous future junkets had already been arranged.

The appellant claims that the obligations of the respondent contained in the letter agreement of February 18, 1967, were sufficiently indefinite to render the agreement unenforceable. Apparently it is claiming that there was no common understanding of the meaning of the word "junket."

We find the appellant's contention to be specious. The parties performed under the terms of both the December 10, 1966 and the February 18, 1967 agreements. The respondent organized more than 80 junkets to the appellant's hotel, all were received and the appellant paid the contract price for each group. It is incongruous for the appellant to now argue that the terms of the February 18, 1967 agreement were so indefinite as to render it unenforceable. In Crestview Cemetery Association v. Dieden, 356 P.2d 171 (Cal. 1960), the court stated in part: "When the parties to a contract perform under it and demonstrate by their conduct that they knew what they were talking about the courts should enforce that intent."[7] In

---

[7]In Corbin on Contracts § 101, page 453, it is stated: "Even though the parties have expressed an agreement in terms so vague and indefinite as to be incapable of interpretation with a reasonable degree of certainty, they may cure this defect by their subsequent conduct and by their own practical interpretation. If the parties have used such indefinite language as to leave it uncertain whether or not they intend to close the deal and make a contract, subsequently proceeding with or accepting performance under it may remove the uncertainty. If the expression used leave the subject matter, or the price or the time or any other element of the performance incapable of determination, the rendition of a part or all of the performance may make clear the meaning that should be given to those expressions."

Holland v. Crummer Corp., 78 Nev. 1, 368 P.2d 63 (1962), this court said: "Furthermore the construction placed upon a contract by the parties thereto is entitled to weight in determining the proper interpretation of the instrument. Flyge v. Flynn, 63 Nev. 201, 166 P.2d 539. And it is for the fact-finding tribunal to determine the construction that the parties gave it by their action. Coleman Bros. Corp. v. Commonwealth, 307 Mass. 205, 29 N.E.2d 832."

Here the district court found that all of the junkets from California to the appellant's hotel, organized by the respondent prior to the termination of the agreement, were of a quality similar to those brought to the Aladdin Hotel under a prior agreement and that they were of a good quality or standard as the term junket is understood in the gaming industry in Clark County. Furthermore the record reflects that the parties to this action were so thoroughly associated with the gaming industry that they understood the nature of a junket and that neither were misled.

If there was a lack of common understanding by the parties about the meaning of the word "junket" when they entered into their first agreement on December 10, 1966, that misunderstanding was completely cured by their subsequent performance.

The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.