MELBURN JENSEN, Appellant, v. KEVIN NIELSON
AND ELEANOR NIELSON[1] AND SAFECO INSUR–
ANCE COMPANY OF AMERICA, Respondents.

No. 7554

June 26, 1975                      537 P.2d 321

*Beckley, DeLanoy & Jemison,* and *Richard W. Myers,* of
Las Vegas, for Appellant.

*Fadgen & Johnson,* of Las Vegas, for Respondents.

[1]The names of respondents Nielson, having been erroneously tran-
scribed as "Nelson" in the proceedings below, were changed pursuant
to a stipulation of the parties and order of the district court filed
August 9, 1973.

## OPINION

By the Court, BATJER, J.:

Reciprocal actions in negligence were filed by the parties on appeal after appellant's cattle were struck and killed during the evening of November 5, 1971, by an automobile driven by respondent Kevin Nielson on a state highway in a fenced area. The actions were consolidated after a trial, without a jury, judgment was entered in favor of respondents in case No. A 103398 (Jensen v. Nielson). In case No. A 111027 (Safeco Insurance Co. of America v. Jensen) judgment was also entered in favor of respondents requiring appellant to pay for the damages to respondents' automobile as well as reasonable attorneys fees and costs.

Appellant's attempt to challenge the order denying his motion to amend findings of fact, conclusions of law and judgments must fail because such an order is not appealable within NRAP 3A, formerly NRCP 72(b). Casino Operations, Inc. v. Graham, 86 Nev. 764, 476 P.2d 953 (1970).

Appellant contends that the trial court's finding that he was

negligent is not supported by sufficient evidence. "Where a trial court, sitting without a jury, has made a determination upon the basis of conflicting evidence, that determination should not be disturbed on appeal if it is supported by substantial evidence." Fletcher v. Fletcher, 89 Nev. 540, 542, 516 P.2d 103 (1973). It is our opinion that the district court's determination is not supported by substantial evidence.

The record reveals that (1) appellant owned the cattle involved in the accident; (2) a gate in the highway fence on land adjoining appellant's was found open shortly after the accident occurred; (3) the gate had often been left open in the past and was not under appellant's ownership or control, but rather was available for general ingress and egress on a public road; (4) appellant had transported the cattle to an open range approximately ten miles beyond the gate a day or two before the accident; and (5) the fences and gates surrounding appellant's land were found to be secure shortly after the accident.

A number of cases have been decided in other jurisdictions where animals escaped through open gates from farmland onto a fenced highway right-of-way and were struck by vehicles causing damage to motorists. See cases collected in 34 A.L.R.2d 1285 and Later Case Service; see also cases collected in 59 A.L.R.2d 1328 and Later Case Service. Cf. State v. Webster, 88 Nev. 690, 504 P.2d 1316 (1972). This appears to be the first case to be decided where animals were struck after having returned from open range land through an open gate in a fence not located on the land of the owner of the cattle, at an intersection between a public road and a fenced state highway.

The pertinent Nevada statute, NRS 568.360,[2] does not

---

[2]NRS 568.360: "1. As used in this section, 'open range' means all unenclosed lands, outside of cities and towns, upon which cattle, sheep or other domestic animals by custom, license, lease or permit are grazed or permitted to roam.

"2. No person, firm or corporation owning, controlling or in possession of any domestic animal running on open range has the duty to keep such animal off any highway traversing or located on such range, and no such person, firm or corporation is liable for damages to any property or for injury to any person caused by any collision between a motor vehicle and an animal occurring on such highway.

"3. Any person, firm or corporation negligently allowing a domestic animal to enter within a fenced highway right-of-way area shall be liable for damages caused by a collision between a motor vehicle and such animal occurring on such highway."

impose absolute liability upon an owner of a domestic animal for damage resulting from its intrusion upon a highway in a fenced area. Liability for damages caused by a collision between a motor vehicle and a domestic animal which has entered such highway will be imposed upon a defendant only if the plaintiff can prove that the defendant has *negligently* allowed such animal to enter. The fact that the appellant's cattle had entered upon the highway does not justify an inference that appellant negligently allowed them to be there. Cf. Steed v. Roundy, 342 F.2d 159 (10th Cir. 1965); Lee v. Hinson, 160 So.2d 166 (Fla.Dist.Ct.App. 1964); Parker v. Reter, 383 P.2d 93 (Ore. 1963); Gordon v. Sutherland, 131 So.2d 520 (Fla.Dist.Ct.App. 1961); Pepper v. Bishop, 15 Cal.Rptr. 346 (Cal.App. 1961).

No evidence tending to show that appellant negligently allowed the cattle to enter the fenced highway can be gleaned from the record. NRS 568.360(3) does not contemplate a case such as this where domestic animals are allowed to enter upon a right-of-way through the acts of an unknown third person or persons using a public road and leaving a gate open.[3] Although appellant had on past occasions closed the gate when he found it open, he was unable, because of the public road, to secure it with a lock or to place a "no trespassing" sign upon it. Furthermore, he could not be expected to guard it constantly. "The accident was due to a combination of circumstances beyond the reasonable forseeability or control of the defendant and for which he should not be held responsible." Steed, supra, at 161; Gardner v. Black, 9 S.E.2d 10 (N.C. 1940).

The lower court's finding that respondent Kevin Nielson was not negligent is also challenged. Although there was conflicting evidence bearing upon the speed of the Nielson vehicle, there is sufficient evidence in the record to support the trial court's determination that Kevin was not exceeding the speed limit and was not otherwise negligent. Fletcher v. Fletcher, supra.

---

[3] NRS 207.220: "1. Any person or persons opening and passing through gates or bars when gates or bars are placed in fences enclosing fields, or in fences partly enclosing lands, and not shutting and fastening the same, shall be deemed guilty of a misdemeanor.

"2. The provisions of this section shall not apply to gates in towns and cities nor gates necessary in the approach to any building or works where the passing through or into fields or lands is not contemplated."

The judgment in case No. A 111027 (Safeco Insurance Co. of America v. Jensen) is reversed, and the judgment in case No. A 103398 (Jensen v. Nielson) is affirmed.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.