LANDEX, INC., A CORPORATION; PAUL EDWARDS, APPELLANTS, *v.* STATE OF NEVADA, DEPARTMENT OF COMMERCE, DIVISION OF REAL ESTATE, RESPONDENT.

No. 8075

March 25, 1976                              547 P.2d 315

*Brown & Deaner,* of Las Vegas, for Appellant Landex, Inc.

*Douglas J. Shoemaker,* of Las Vegas, for Appellant Paul Edwards.

*Robert List,* Attorney General, *Robert E. Edmondson,* Deputy Attorney General, *Elliott A. Sattler,* Deputy Attorney

General, *E. William Hanmer,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

The Nevada Department of Commerce, Division of Real Estate, initiated this action against appellant Landex, Inc., seeking money damages and an injunction. The complaint alleged three causes of action. The first cause of action requested money damages pursuant to NRS 207.174 for false and misleading advertising and requested the issuance of an injunction pursuant to NRS 207.176 enjoining Landex from continuing its deceptive practices. The second cause of action requested that an injunction be issued to enjoin Landex from using advertising material in its land sales business which previously was not approved by the Department of Commerce in accordance with the requirements of NRS 119.180(7). In its third cause of action the state requested the issuance of an injunction to enjoin Landex from selling real estate through "registered representatives" rather than through licensed real estate salesmen or brokers.

In each case where an injunction was sought, a preliminary injunction also was requested and a hearing for the purpose of determining whether such injunctions should issue was conducted.

In the decision and order from which this appeal is taken,

the court granted a preliminary injunction enjoining Landex from using nonapproved advertising and from selling land through "registered representatives" instead of licensed real estate salesmen or brokers. The court expressly deferred the granting of a preliminary injunction as requested in the first cause of action until after a hearing on the merits. This appeal is confined to the issuance of the preliminary injunction in connection with the second and third causes of action.

Appellant urges reversal on three grounds: (1) that there was no showing that the advertising of Landex consisted of false or misleading statements; (2) that appellant was not using nonapproved advertising and the lower court erred in so finding; and (3) that the Department of Commerce is estopped from denying Landex the right to sell property through "registered representatives."

1. The trial court issued no preliminary injunction with respect to the first cause of action preferring instead to hold that issue in abeyance until after a full hearing on the merits. Appellants objected to the findings of fact, conclusions of law and judgment as it pertained to the first cause of action. Their objections were appropriately raised by a motion to amend which was denied by the trial court. An appeal will not lie from an order denying a motion to amend findings of fact, conclusions of law and judgment. Casino Operations, Inc. v. Graham, 86 Nev. 764, 476 P.2d 953 (1970); Securities Investment Co. v. Donnelley, 89 Nev. 341, 513 P.2d 1238 (1973).

2. We find that the trial court committed no error in granting the preliminary injunction sought in connection with the second and third causes of action. The injunction restrained appellants from continuing the use of all unapproved advertising and from the use of registered representatives in the sales of Mountain Meadow Ranches subdivision properties. See NRS 119.120(1)(c), 119.180 and 207.176. Appellants claim that the injunction was the product of an abuse of discretion by the trial court. The record does not support that claim but rather consists of substantial evidence supporting the decision of the trial court.

3. The issue involving the use of registered representatives has become moot. NRS 119.180 provides that on and after

January 1, 1975, registered representatives may not sell or offer to sell subdivision property registered under Chapter 119 of the Nevada Revised Laws. Thus, any issue arising from the restraint upon appellants for the use of registered representatives is no longer viable. See Ottenheimer v. Real Estate Division, 91 Nev. 338, 535 P.2d 1284 (1975).

Affirmed.