**ECONOMY FORMS CORPORATION,**
Plaintiff,

v.

**The LAW COMPANY, INC., and United
States Fidelity and Guaranty
Company, Defendants.**

**No. CV–R–82–333–ECR.**

United States District Court,
D. Nevada.

June 21, 1984.

Davis, Hockenberg, Wine, Brown &
Koehn by William J. Koehn, Des Moines,
Iowa, for plaintiff.

Donald R. Newkirk, Wichita, Kan. and Guild, Hagen & Clark by David W. Hagen, Reno, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This is a diversity action brought pursuant to 28 U.S.C. § 1332.

The defendant, The Law Company (Law Company) entered into a written agreement with plaintiff, Economy Forms Corporation (EFCO) on or about November 19, 1981. The agreement provided that EFCO was to supply certain materials and lease certain equipment to Law Company. Said materials and equipment were to be used in the construction of the University of Nevada Multi-Purpose Pavilion in Reno, Nevada. The complaint alleges that EFCO has supplied the materials and leased equipment agreed upon. It contends further that Law Company has refused to pay the just, full and fair amount owing, according to the contract. EFCO prays for judgment against the surety for Law Company. The surety is defendant United States Fidelity and Guaranty Company (U.S.F. & G.). U.S.F. & G. is required to pay for materials, provisions and supplies in the event of Law Company's failure to pay.

Law Company has filed a counterclaim. It alleges that EFCO expressly warranted the design and fabrication of the materials to be furnished, that the material would be suitable for its intended purpose and that the intended purpose was known to plaintiff. These allegations are based on paragraph E of the amended agreement which was incorporated into the EFCO rental agreement. Paragraph E states:

> "EFCO assumes *total* liability for accuracy of the design and fabrication of the form work components and for the design of the recommended usage of the form work components." (Emphasis added)

The counterclaim further asserts that the material EFCO furnished to Law Company was deficient and defective in design and fabrication, and was not suitable for the intended purpose.

Subsequently, EFCO moved for summary judgment on Law Company's counterclaim according to Rule 56 of the Federal Rules of Civil Procedure. The thrust of the motion is based on Paragraph 19 of the contract between EFCO and Law Company which states that EFCO's liability under the contract is "limited to the repair or replacement of any defective property leased ... In no event shall lessor's liability ... exceed the actual and direct costs of labor, materials ... necessary for the repair or replacement of such property leased hereunder, nor include any other incidental, indirect or consequential damages." The motion asserts that damages alleged in Law Company's counterclaim are "indirect, incidental or consequential." It concludes that, there is no genuine issue of fact, so summary judgment should be granted.

## STANDARD FOR SUMMARY JUDGMENT

■ Summary judgment should be granted only when no genuine issue of material fact exists and the moving party is entitled to prevail as a matter of law. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677 (9th Cir. 1984).

## AMBIGUOUS CONTRACT

■ Summary judgment is appropriate in contract cases only if the contract provision or the contract in question is unambiguous. A contract or a provision of a contract is ambiguous if it is reasonably susceptible to more than one interpretation or construction. *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 619 (9th Cir.1981); *Intern. Engineering Co. v. Daum Industries*, 102 Idaho 363, 630 P.2d 155, 157 (1981); *Associated Students of The University of Arizona v. Arizona Board of Regents*, 120 Ariz. 100, 584 P.2d 564, 568 (1978). Furthermore, whether a contract is ambiguous is a question of law. *U.S. v. Sacramento Municipal Utility Dist.*, 652 F.2d 1341, 1343 (9th Cir.1981). *United States, Etc. v. Haas & Haynie Corp.*, 577 F.2d 568, 572 (9th Cir.1978);

*Logan v. Logan,* 36 Wash.App. 411, 675 P.2d 1242, 1247 (1984); *Rainier Nat. Bank, Etc. v. Clausing,* 34 Wash.App. 441, 661 P.2d 1015, 1019 (1983). The ambiguity found in this contract is the conflict between paragraph 19 of the EFCO Rental Agreement and paragraph E of the amendment to the EFCO rental agreement. The amendment was incorporated into the EFCO rental agreement. Some of the ambiguities are the following:

1. *Lessors liability provisions.* The distinction between paragraph 19's statement that lessor's liability "is limited to the repair or replacement of defective property ... and Lessor's liability would not include any other incidental, indirect, or consequential damages," as compared to paragraph E which states that "EFCO assumes total liability for the accuracy of the design and fabrication."

2. *Warranties provisions.* Whether the statement contained in paragraph 19 which states that "this Lease agreement is warranted against defective workmanship or materials only," along with the statement in bold type which states that "This warranty is in lieu of any and all other warranties, whether express or implied, ... including merchantability or fitness," as compared to paragraph E which states that "EFCO assumes total liability for accuracy of the design and fabrication of the form work components and for the design of the recommended usages of the form work components."

3. *"Subject to" provision.* Furthermore, paragraph E of the amendment to the EFCO rental agreement was incorporated into the EFCO rental agreement by paragraph 20, which states that the EFCO rental agreement is "subject to" all conditions and provisions of the amendment. This "subject to" clause creates an ambiguity as to whether paragraph E supersedes or merely modifies the exculpatory provisions within paragraph 19, as stated in ambiguities 1 and 2 above.

The rule is that in deciding a summary judgment motion with respect to an ambiguous contract, some evidentiary support must exist for the competing interpretations of the contract's language. *Nat. Union Fire Ins. Co., Etc. v. Argonaut Ins. Co.,* 701 F.2d 95, 97 (9th Cir.1983). The evidentiary support in this case is found in paragraphs 77–84 of Brauer's deposition; deposition exhibit (EFCO 75) which is a letter to Donald A. Bryan from Donald E. Stillings dated September 2, 1982; Law Company's answers to plaintiffs' interrogatories, Nos. 11, 12, 13 and 15; paragraphs 8, 9 and 10 on page 4 of the pretrial order; as well as paragraph 2 on page 5 of the pretrial order.

The interpretation of an ambiguous contract is a mixed question of fact and law. The rules of construction are a matter of law. *United States, Etc. v. Haas & Haynie Corp., supra* at 572. The rules of construction are not required to be used where the intent of the parties is clear from the instrument itself. *Barringer v. Gunderson,* 81 Nev. 288, 402 P.2d 470, 477 (1965). It is only when the court's inquiry into the parties' actual meaning does not resolve the issue that the rules of construction can be applied. *Nat. Union Fire Ins. Co., Etc. v. Argonaut Insurance Company,* 701 F.2d 95, 96 (9th Cir.1983). The intent of the parties in light of the competing interpretations of an ambiguous contract is a factual issue to be resolved by the jury. *United States, Etc. v. Haas & Haynie Corp., supra* at 573. Therefore, summary judgment is improper, where differing views of the parties intent raise a genuine issue of fact. *U.S. v. Sacramento Municipal Utility Dist.,* 652 F.2d 1341, 1344 (9th Cir.1981). *See also Casino Operations, Inc. v. Graham,* 86 Nev. 764, 476 P.2d 953, 956 (1970); *Transwestern Life Ins. Co. v. Nevada Underwrit., Inc.,* 86 Nev. 337, 468 P.2d 983 (1970). Here, differing views of the parties intent exist, due to the ambiguities within the EFCO Rental Agreement.

IT IS, THEREFORE, HEREBY ORDERED that EFCO's motion for summary judgment with regard to Law Company's counterclaim is DENIED.