UNIROYAL GOODRICH TIRE COMPANY, UNIROYAL, LTD., UNIROYAL GOODRICH CANADA, INC., AND UNIROYAL GOODRICH TIRE COMPANY, INC., APPELLANTS, V. LORRAINE MERCER, INDIVIDUALLY, AS THE SOLE HEIR AND THE PERSONAL REPRESENTATIVE OF THE ESTATE OF RHONDA NANCY LEE MERCER, NOW DECEASED, RESPONDENT.

No. 23886

March 2, 1995                                    890 P.2d 785

[Rehearing denied September 28, 1995]

*Beckley, Singleton, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas; *Georgeson, McQuaid, Thompson & Angaran,* Reno; *Roetzel & Angress,* Akron, Ohio, for Appellants.

*Jon Douglas Benson,* Reno; *Erickson, Thorpe & Swainston,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent Lorraine Mercer ("Mercer") and her seventeen-year-old daughter, Rhonda, embarked on a road-trip vacation from their home in British Columbia, Canada, through the Western United States. In preparation for the trip, Mercer had her regular mechanic in Canada thoroughly check and service her car. The mechanic inspected the car and advised Mercer that her rear tires were in good condition but that she needed two new front tires. At her request, he replaced the two bad tires.

On the return trip to Canada from Southern California, Mercer, Rhonda, and Rhonda's boyfriend headed north on U.S.

395 through Nevada. Near Gardnerville, Mercer's right rear tire (a Uniroyal tire) blew out, and Mercer lost control of her car. Mercer's car headed into the oncoming traffic lanes and collided with Maria Yaroslaski's car, which was traveling south on U.S. 395. Rhonda died as a result of the accident.

On July 23, 1991, Mercer sued appellants Uniroyal Ltd. and Uniroyal Goodrich Tire Co., the manufacturer and distributor of the failed tire (collectively referred to as "Uniroyal"), for wrongful death, personal injuries and emotional injury, alleging that Uniroyal placed a defective tire into the stream of commerce. After a jury trial, the jury found in favor of Mercer and awarded her $1,110,000.00, representing $360,000 in past damages and $750,000 in future damages. Judgment was entered for that amount plus costs, attorney fees and interest.

On September 8, 1992, Uniroyal made several postjudgment motions: (1) a motion for judgment notwithstanding the verdict; (2) a motion to alter or amend the judgment; and (3) a motion for a new trial. On October 28, 1992, the district court denied all three of Uniroyal's motions. Uniroyal appealed.[1]

The main question on appeal is whether the trial judge properly excluded evidence of the year the defective tire was manufactured. This issue was first raised in a motion in limine in Mercer's trial statement. At that time, the trial judge granted the motion based on deposition testimony, but reconsidered the issue after the testimony of Mercer's tire expert during trial.

The trial judge is vested with discretion to simplify the issues and to exclude even relevant evidence if its probative value is substantially outweighed by the danger that it will confuse the issues or mislead the jury. *See* NRS 48.035(1); Jeep Corporation

---

[1]We note that Uniroyal's notice of appeal states that this appeal is taken from the district court's order denying Uniroyal's motions for a new trial, to alter or amend the judgment and for a judgment notwithstanding the verdict. An order of the district court denying a motion for a new trial is independently appealable. NRAP 3A(b)(2). No appeal may be taken from an order denying a motion to alter or amend a judgment. *See* Landex, Inc. v. State, Dep't Commerce, 92 Nev. 177, 547 P.2d 315 (1976); Jensen v. Nielson, 91 Nev. 412, 537 P.2d 321 (1975); Casino Operations, Inc. v. Graham, 86 Nev. 764, 476 P.2d 953 (1970). Similarly, no appeal may be taken from an order denying a motion for judgment notwithstanding the verdict. *See* Ross v. Giacomo, 97 Nev. 550, 635 P.2d 298 (1981). Nevertheless, an appeal from the judgment itself may be taken after the district court denies all pending tolling motions. *Id.*; NRAP 3A(b)(1); NRAP 4(a)(2). We construe Uniroyal's notice of appeal to indicate a plain intent to appeal from both the underlying judgment in this case and from the order of the district court denying Uniroyal's motion for a new trial. *See* Forman v. Eagle Thrifty Drugs & Markets, 89 Nev. 533, 516 P.2d 1234 (1973).

v. Murray, 101 Nev. 640, 646, 708 P.2d 297, 301 (1985).
Questions of probative value are left to the sound discretion of the
district court and will not be disturbed absent a showing of abuse.
McCourt v. J.C. Penney Co., 103 Nev. 101, 103, 734 P.2d 696,
698 (1987).

The trial judge's decision was amply supported by the evidence
of experts, including Uniroyal's own expert. The following depo-
sition testimony of Mr. Thomas Dodson, Uniroyal's tire expert,
was before the court:

> A  [Mr. Dodson]: In this tire, the profile that you now see
> is the result of the deformation in the wires, steel-belt wires.
> Q  Do you feel that the age of the tire was a factor in its
> failure?
> A  Chronologically?
> Q  Yes.
> MR. MC QUAID:  Ask him again. I think we may have
> miscommunicated.
> Q  Did you answer that question?
> A  Yes, sir, I did. I said, no, sir.
> Q  Tires don't just wear out from age?
> A  Sure, tires do wear out. But that's not what happened
> to this one.

The trial judge held a hearing during the course of the trial,
outside the presence of the jury, during which he extensively
questioned Mercer's expert. There are over 40 pages in trial
transcript of testimony on the issue. Mercer's expert stated:

> THE COURT:  Bear with me just a moment.
> Mr. Nonnamaker, as I understand your testimony, age of
> the tire is really immaterial to your analysis. That is, had
> there been no internal defect in the tire of the nature you've
> described, it wouldn't make any difference how old the tire
> was.
> THE WITNESS:  That is correct. And the tire wouldn't
> have failed . . . .
> THE COURT:  So it's not just the amount of the use of
> the tire which can be determined by looking at the tire;
> right? It would be the period of time the tire existed?
> THE WITNESS:  Well, that is a factor that can't be
> ignored, but it's not a primary factor. The defect is what
> caused the tire to fail, and it was either going to fail then or
> earlier or later.

The expert also testified regarding a warning as follows:

> THE COURT:  What could she have been warned of that
> would have given her any help in avoiding the risk which
> you contend that is the cause of this accident?

THE WITNESS: The age of the tire. That's where the age comes into it. If age is going to become a factor, then there should be a warning on the tire with regards to age.

After this extensive testimony, the trial court ruled:

Counsel for the defendants may not inquire of this witness on the subject of age unless further testimony is elicited by counsel for the plaintiff on the subject of warnings, which has been discussed by Mr. Nonnamaker in his testimony out of the presence of the jury, but not to this point in the presence of the jury.

If Mr. Nonnamaker testifies based on questions elicited by plaintiff's counsel in the presence of the jury on the subject of warnings concerning the age of the tire, then there may be further inquiry on this subject by defense counsel and the age of the tire may be disclosed to the jury.

It is clear that the trial judge's ruling was based on substantial evidence, did not in any way constitute an abuse of discretion, and should be upheld. If Uniroyal really considered the age of the tire to be important, the time to offer such evidence was during the hearing which the trial judge held on that issue. It failed to do so.

Uniroyal also contends on appeal that the trial judge erred in awarding Mercer costs and attorney fees under NRCP 68 and NRS 17.115. When there is a pretrial offer of judgment that the offeree refuses and the final judgment results in an outcome less favorable to the offeree, NRCP 68 and NRS 17.115 authorize the trial judge to make awards of costs, attorney fees and interest on the judgment to the offeror. Pursuant to NRCP 68, the court may award attorney fees and costs to the offeror. NRS 17.115 further provides that the offeror may receive interest on the judgment from the time of the offer to the entry of judgment, attorney fees incurred from the time of the offer, and costs incurred from the date of filing the complaint. Mercer had made an offer of judgment to "Defendant UNIROYAL GOODRICH TIRE COMPANY and UNIROYAL, LTD." Uniroyal contends that the offer of judgment was invalid because it was a joint offer to both defendants. This court held in Bergmann v. Boyce, 109 Nev. 670, 677, 856 P.2d 560, 565 (1993), that an unapportioned joint offer of judgment is invalid on the basis that such an offer deprives the individual offeree of the opportunity to assess the attendant risks.

However, in this case, unlike *Bergmann,* the offer was joint in name only. Even though there is more than one named defendant in the complaint, counsel for the Uniroyal companies stipulated

that any judgment would be paid by Uniroyal Goodrich Tire Company, Inc., an American corporation. There was no separate liability or basis of liability, and therefore the Uniroyal counsel was in a position to assess the risk appropriately.[2] Therefore, the offer of judgment was valid for purposes of NRCP 68 and NRS 17.115.

Uniroyal asserts that even if the offer was valid, the trial court abused its discretion in awarding attorney fees under NRCP 68 and NRS 17.115 because it inappropriately evaluated the factors which it was required to consider under Beattie v. Thomas, 99 Nev. 579, 668 P.2d 268 (1983). In exercising its discretion, the trial court must evaluate the following factors: (1) whether plaintiff's claim was brought in good faith; (2) whether the offeror's offer of judgment was brought in good faith; (3) whether the offeree's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether fees sought by the offeror are reasonable and justified in amount. *See id.* at 588, 688 P.2d at 274. The trial court made its award in the following language:

> The Court has read and considered the legal memoranda and exhibits in support of and in opposition to Plaintiff's Motion for Award of Attorney's Fees pursuant to NRS 17.115 and NRCP 68.
>
> It is hereby ordered that the plaintiff's motion for award of attorney's fees is granted.
>
> In determining the amount of attorney's fees to be awarded, the Court has carefully considered each of the factors set forth in Runzell v. Golden Gate National Bank, 85 Nev. 345, 349, 455 P.2d 31 (1969).

---

[2] While there are four parties in the caption, there is a single interest. Mercer originally filed suit against Uniroyal Goodrich Tire Company and Uniroyal, Ltd., which Mercer described as a New York partnership. The answer on behalf of the Uniroyal defendants admitted that Uniroyal Goodrich Tire Company was a Delaware corporation and that Uniroyal, Ltd. "manufactured, sold, distributed, marketed, supplied and placed into the stream of commerce" the tire in question. Subsequently, Uniroyal counsel stipulated that the obligations of Uniroyal Limited had been assumed by the Canadian corporation, Uniroyal Goodrich Canada, Inc. Furthermore, Uniroyal counsel also stipulated that Uniroyal Goodrich Tire Company, the Delaware corporation, would pay any judgment ordered in the case. Uniroyal counsel described this arrangement for handling the defense as "an accommodation which the American corporation provides for its Canadian sister affiliate. American corporate officers and lawyers are more familiar with American juries and courts and are in a better position to handle claims made in America. The Canadian affiliate, in turn, handles litigation in Canada based on claimed failures of American tires."

In Schwartz v. Estate of Greenspun, 110 Nev. 1042, 881 P.2d 638 (1994), this court cautioned the trial bench to provide written support under the *Beattie* factors for awards of attorney fees made pursuant to offers of judgment. However, this court also concluded that even though the trial court in *Schwartz* failed to enter express findings regarding the *Beattie* factors, the award was proper because the record made clear that the trial court had considered these factors. *Id.* at 1050, 881 P.2d at 643.

It is clear that the trial court in this case considered the *Beattie* factors: the parties extensively argued the factors, the judge stated that he considered those arguments, and there was substantial evidence to support the conclusion that the award of attorney fees under NRS 17.115 and NRCP 68 was proper. The trial court is in the best position to consider and weigh the facts and bases for an award of attorney fees. Unless the trial court's exercise of discretion in evaluating the *Beattie* factors is arbitrary or capricious, this court will not disturb the lower court's ruling on appeal. Schouweiler v. Yancey Co., 101 Nev. 827, 833, 712 P.2d 786, 790 (1985).

Uniroyal also argues that the trial court unlawfully awarded interest on future damages. This contention is without merit. The trial judge appropriately awarded interest pursuant to the provisions of NRS 17.115(4)(b). NRS 17.115(4)(b) authorizes the trial judge to assess ''interest on the judgment from the time of the offer to the time of the entry of judgment.'' The statutory language makes no distinction between past and future damages in the judgment. NRS 17.130, on the other hand, which does distinguish between past and future damages, only comes into play ''[w]hen no rate of interest is provided by contract or *otherwise by law,* or specified in the judgment.'' (emphasis supplied). In this case, the applicable law is NRS 17.115(4)(b) which authorizes the judge to include interest on the entire judgment awarded by the jury.

The difference in the two statutes between the type of damages that draw interest is rational in view of the different policies underlying each statute. NRS 17.130 attempts to compensate a judgment creditor for the use of money by a judgment debtor. Since future damages are not yet due, prejudgment interest would not be required to compensate the judgment creditor. NRS 17.115(4)(b), on the other hand, is not a compensation statute. Rather, it provides a financial incentive for early settlement of litigation. The type of damages ultimately awarded are immaterial to the basic purpose of the statute.

Finally, Uniroyal argues that it is unjustly obligated to pay postjudgment interest on prejudgment interest because the judgment includes prejudgment interest. The statutory scheme clearly contemplates this result. NRS 17.115 and 17.130 specifically recognize that the judgment itself may include prejudgment interest. NRS 18.120 then requires postjudgment interest on the court's judgment. In addition, the weight of authority in other jurisdictions favors the allowance of postjudgment interest on prejudgment interest. State Highway Commission v. DeLong Corporation, 551 P.2d 102, 104 (Or. 1976).

For the foregoing reasons, the judgment is affirmed.