An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CURTIS COE,
Appellant,
vs.
MARCO CENTENO-ALVAREZ,
Respondent.

No. 57724

**FILED**

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART AND REMANDING

This is an appeal from a district court judgment in a tort action and from post-judgment orders denying a new trial and awarding attorney fees and costs.

Appellant Curtis Coe failed to stop at a stop sign and his vehicle collided with another driven by Respondent Marco Centeno-Alvarez. Coe admitted his liability, but disputed the amount of damages.

Prior to trial, Centeno-Alvarez presented Coe with an offer of judgment in the sum of $1,250,000 pursuant to NRCP 68 and NRS 17.115. Coe did not accept the offer and it lapsed. Following a jury trial, Centeno-Alvarez was awarded $36,465 in past damages along with prejudgment and post-judgment interest. However, the district court granted Centeno-Alvarez's motion for a new trial. Coe appealed and this court affirmed, concluding that the district court acted within its discretion in ordering a new trial.

13-21718

A second trial resulted in a verdict totaling $1,594,229 plus prejudgment and post-judgment interest. Coe filed a motion to alter or amend the judgment, arguing that the district court had miscalculated prejudgment interest. The district court denied both motions. Centeno-Alvarez moved for an award of attorney fees, based upon the offer of judgment that Coe rejected. The district court granted the motion, but reduced the amount of attorney fees from the $1,440,102 requested to $210,000. Coe now presents this appeal.

At issue is whether the district court abused its discretion by awarding Centeno-Alvarez attorney fees and whether the district court erred by awarding prejudgment interest on appellant's award of future damages.[1] This court reviews a district court's decisions regarding attorney fees and prejudgment interest for an abuse of discretion. *M.C. Multi-Family Dev. v. Crestdale Assocs.*, 124 Nev. 901, 916, 193 P.3d 536, 546 (2008).

*The district court erred in its award of attorney fees*

Coe argues that all of the factors that a district court must apply in awarding attorney fees under *Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983), weigh against an award of attorney fees and the award should be reversed.

---

[1]Coe also asserts that Centeno-Alvarez's counsel committed prejudicial misconduct warranting either a new trial or reversal on appeal by making inflammatory and disparaging remarks against respondent and his counsel, making Golden Rule arguments, expressing personal opinion, and engaging in jury nullification. We have found each of these claims to be without merit.

This court can only overturn an order of attorney fees if the district court's exercise of discretion in evaluating the *Beattie* factors is arbitrary or capricious. *Uniroyal Goodrich Tire v. Mercer*, 111 Nev. 318, 324, 890 P.2d 785, 789 (1995), *superseded by statute on other grounds as stated in RTTC Commn'ns, LLC v. Saratoga Flier, Inc.*, 121 Nev. 34, 41-42, 110 P.3d 24, 29 (2005). In exercising its discretion in awarding attorney fees and costs, a district court must evaluate "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." *Beattie*, 99 Nev. at 588-89, 668 P.2d at 274. However, in *Yamaha Motor Co. v. Arnault*, this court concluded that a district court must consider *Beattie* factors in a different way when the plaintiff, rather than the defendant, has given the offer of judgment. 114 Nev. 233, 252, 955 P.2d 661, 673 (1998). In such cases, instead of determining whether the plaintiff's claim was brought in good faith, the district court should evaluate whether the defendant's defenses were litigated in good faith. *Id.* The *Yamaha* court also held that no single *Beattie* factor is determinative and that the district court has broad discretion in awarding attorney fees so long as all factors are considered in a non-arbitrary manner. *Id.* at 251 n.16, 955 P.2d at 672 n.16.

Here, the *Beattie* analysis was improperly conducted contrary to *Yamaha* because the district court evaluated whether the plaintiff's claims were brought in good faith, not whether the defendant defended in good faith. Therefore, the district court abused its discretion in its

consideration of the first *Beattie* factor. However, because no single factor is determinative, this court must also look to the district court's consideration of the other factors.

In considering the second factor, the court found that the plaintiff's offer of judgment was in good faith and was reasonable in timing and amount because he already had accumulated $220,000 in medical bills and his doctors correlated his injuries with the accident. This portion of the analysis does not appear arbitrary.

As to the third *Beattie* factor, however, the district court stated in its order that the "defendant's rejection of the offer of judgment was grossly unreasonable" based upon the fact that "plaintiff's medical bills were over $220,000.00 at the time the offer of judgment was served," that his medical records indicated that he required further extensive medical treatment, and that "defendant had stipulated to liability." However, at a hearing on December 15, 2010, the district court stated that defendant's rejection of the offer "was a completely reasonable position to take by any stretch." Based on the statement of the district court and the fact that the offer of judgment was more than six times the amount of plaintiff's medical bills at the time of the offer, we conclude that the district court's contradictory determination that defendant's rejection was grossly unreasonable was an abuse of discretion.

Regarding the fourth *Beattie* factor, the reasonableness of the attorney fees, the district court considered each of the *Brunzell* factors and awarded an attorney fee equivalent to $100 per each attorney hour. *See Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). We conclude that the district court did not abuse its discretion in analyzing the fourth *Beattie* factor.

Considering all four *Beattie* factors together, the district court abused its discretion in its consideration of two of the factors. Accordingly, we vacate the award of attorney fees and remand this matter to the district court for reconsideration of the *Beattie* factors in accordance with this order.

*The district court did not err in awarding prejudgment interest*

Coe argues that the district court's decision to award prejudgment interest on the award of future damages was an abuse of discretion. NRS 17.115 allows the court to give the prevailing party interest on the judgment from the time of the offer to the time of entry of the judgment. NRS 17.115(4)(d)(2). In *Uniroyal*, this court clarified that NRS 17.115 does not distinguish between past and future damages in the judgment, so any interest awarded on the judgment applies to *all* of the judgment, including *both* past and future damages awarded. 111 Nev. at 324, 890 P.2d at 789-90. Further, this court in *Uniroyal* stated that the purpose of awarding prejudgment interest on future damages is to "provide[ ] a financial incentive for early settlement of litigation," and therefore the type of damages are immaterial to the purpose of the statute. *Id.* Here, the district court's award of prejudgment future damages falls within the scope of NRS 17.115 as contemplated in *Uniroyal*. Therefore, the district court did not err by awarding prejudgment interest on both past and future damages. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: The Honorable James M. Bixler, District Judge
Leonard I. Gang, Settlement Judge
Ranalli & Zaniel, LLC/Henderson
Lemons, Grundy & Eisenberg
Ganz & Hauf
Vannah & Vannah
Eighth District Court Clerk