# IN THE SUPREME COURT OF THE STATE OF NEVADA

BOULEVARD INVEST., LLC, D/B/A
MIRACLE MILE SHOPS,
                  Appellant,
          vs.
FEDERAL CLEANING
CONTRACTORS,
             Respondents.

No. 72646

FILED

SEP 05 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order addressing motions for summary judgment and from an order denying a motion for reconsideration of a portion of that order. When our initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the district court had not yet entered a final judgment appealable under NRAP 3A(b)(1) because claims remained pending in the district court. *See Lee v. GNLV. Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment as "one that disposes of all the issues presented in the case and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs").

Appellant has filed a response to our order and respondent has filed a motion to dismiss this appeal for lack of jurisdiction. The parties agree that the district court has not yet entered an order disposing of all of the parties' claims. They also agree that the district court entered an order, pursuant to the parties' stipulation, submitting the remaining claims to binding arbitration. Appellant contends that the submission of the claims

to arbitration removed the claims from the jurisdiction of the district court, leaving nothing further for that court to consider. Respondent counters that because the district court has not yet resolved all of the parties' claims and the judgment was not certified as final under NRCP 54(b), no final judgment has yet been entered. We agree with respondent that where the district court has not formally resolved the remaining claims, those claims remain pending in the district court.[1] *Cf. Tallman v. Eighth Judicial Dist. Court*, 131 Nev. Adv. Op. 71, 359 P.3d 113, 117 (2015) (indicating that an order compelling arbitration entered in an action asserting various claims against a former employer is not a final judgment); *see also* NRS 38.239-.243 (allowing the district court to enter orders confirming, vacating, modifying, or correcting arbitration awards upon motion and to enter judgment upon the award). Thus, we conclude that a final, appealable judgment has not yet been entered and we lack jurisdiction over the summary judgment order.[2] We also lack jurisdiction over the order denying the motion for reconsideration. *See Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007) ("[A]n order denying reconsideration is not appealable."); *see also*

---

[1]We note the parties' stipulation expressly contemplates the parties' ability to have the arbitration award "entered as a judgment."

[2]Appellant represents that it has asked the district court to certify the summary judgment order as final under NRCP 54(b). No such certification appears to have been granted by the district court. Moreover, NRCP 54(b) certification would be improper where the summary judgment order does not remove any party from the action. *See* NRCP 54(b); *Mallin v. Farmers Ins. Exch.*, 106 Nev. 606, 610, 797 P.2d 978, 981 (1990).

Given our order, we decline to consider respondent's alternative arguments in favor of dismissal of this appeal.

 

*Uniroyal Goodrich Tire Co. v. Mercer*, 111 Nev. 318, 320 n.1, 890 P.2d 785, 787 n.1 (1995) (an order denying a motion to alter or amend a judgment is not appealable), *superseded on other grounds by statute as stated in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 121 Nev. 34, 110 P.3d 24 (2005). Accordingly, we order this appeal dismissed. Appellant may file a new notice of appeal once the district court enters a final judgment or enters an otherwise appealable order.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.        _____, J.
Hardesty                            Stiglich

cc:     Hon. Nancy L. Allf, District Judge
        Ara Shirinian, Settlement Judge
        Springel & Fink
        Winner & Carson, P.C.
        Eighth District Court Clerk