# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELIGIO TORRES-BANUELOS, A/K/A
ELIGIO TORRESBANUELOS, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70375

FILED

SEP 2 8 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with use of a deadly weapon, battery with use of a deadly weapon resulting in substantial bodily harm, four counts of assault with a deadly weapon, and discharging a firearm at or into an occupied structure, vehicle, aircraft, or watercraft. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

On July 2, 2015, appellant Eligio Torres-Banuelos (Torres) discharged a firearm at an occupied vehicle. Torres was subsequently interrogated at a police station, where he initially denied being the shooter but then requested to start the interrogation over and ultimately confessed to the crime. After a six-day trial, Torres was convicted of seven category B felonies for the shooting. On the third day of trial, the State introduced the taped recording of Torres's confession, and the district court denied Torres's request to admit the taped portion of his interrogation that occurred prior to his confession. This appeal now follows, challenging (1) the district court's decision to exclude the initial portion of his taped interrogation, and (2) the sentence imposed by the district court as cruel and unusual

17-33074

punishment.[1] We reject both arguments and affirm Torres's judgment of conviction.

*The district court did not abuse its discretion in excluding the initial portion of Torres's taped interrogation*

Torres argues that the district court erred in denying his request to admit the other portions of his taped confession because the rule of completeness, codified as NRS 47.120, required the State to introduce the entirety of his taped interrogation. We disagree.

"We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "District courts are vested with considerable discretion in determining the relevance and admissibility of evidence." *Castillo v. State*, 114 Nev. 271, 277, 956 P.2d 103, 107-08 (1998). However, "[a]n abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (internal quotation marks omitted).

NRS 47.120(1) provides that "[w]hen any part of a writing or recorded statement is introduced by a party, the party may be required at that time to introduce any other part of it which is relevant to the part introduced, and any party may introduce any other relevant parts." NRS 47.120 was modeled after Federal Rule of Evidence (FRE) 106, and thus, we

---

[1]The parties are familiar with the facts of this case, and we do not recount them further except as is necessary for our disposition.

may look to the federal courts for guidance on the matter.[2] *See* Hearing on S.B. 12 Before the Senate Judiciary Comm., 56th Leg., at 1 (Nev., Feb. 10, 1971) (Senator Close stating that the Nevada Legislature "attempted to codify the evidence law of Nevada as far as we can from case law, and we followed, insofar as possible, the federal code"); *See Casino Operations, Inc. v. Graham*, 86 Nev. 764, 767, 476 P.2d 953, 955 (1970) (noting that we may look to federal courts for guidance when the federal rule is the source of the state rule).

FRE 106 "codified the common law [r]ule of [c]ompleteness, which exists to avert misunderstanding or distortion caused by introduction of only part of a document." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (internal quotation marks omitted). However, FRE 106 "does not compel admission of otherwise inadmissible hearsay evidence." *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (internal quotation marks omitted). Here, Torres' exculpatory statements to the detectives during his interrogation on September 29, 2015, do not qualify under any exception or exemption to the hearsay rule, and thus, are inadmissible, regardless of the rule of completeness. *See* NRS 51.035.

Moreover, although Torres's confession is self-inculpatory, "the fact that a person [makes] a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts[,] *which are hearsay*." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (emphasis added) (internal quotation marks omitted); *see also Glover v.*

---

[2]FRE 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."

*Eighth Judicial Dist. Court*, 125 Nev. 691, 704-05, 220 P.3d 684, 694 (2009) (providing that "self-exculpatory statements are exactly the ones which people are most likely to make even when they are false; and mere proximity to other, self-inculpatory, statements does not increase the plausibility of the self-exculpatory statements" (internal quotation marks omitted)). Therefore, we conclude that the district court did not err in denying Torres's request to admit the initial portion of his taped interrogation.

*Torres's sentence does not constitute cruel and unusual punishment*

Torres also argues that the sentences imposed by the district court constitute cruel and unusual punishment because (1) his term of imprisonment exceeded his presentence investigation report's (PSI) sentencing recommendation; and (2) the district court disregarded his "age, immaturity, lack of violent history, family support, remorse at sentencing, and the PSI." We disagree.

"The Eighth Amendment of the United States Constitution forbids an extreme sentence that is grossly disproportionate to the crime." *Allred v. State*, 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004) (internal quotation marks omitted). However, "[t]he sentencing judge has wide discretion in imposing a sentence, and that determination will not be overruled absent a showing of abuse of discretion." *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). Moreover, "a sentence within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Allred*, 120 Nev. at 420, 92 P.3d at 1253 (internal quotation marks omitted). Finally, "[w]e will refrain from interfering with the sentence imposed so long as the record does not demonstrate prejudice resulting from consideration of information

or accusations founded on facts supported only by impalpable or highly suspect evidence." *Id.* (internal quotation marks omitted).

Here, Torres's sentences were all within the statutory guidelines. Furthermore, a review of the transcript from Torres's sentencing hearing reveals that the district court considered Torres's age, immaturity, lack of violent history, family support, remorse at sentencing, and the PSI. Finally, Torres does not argue on appeal that the district court relied on impalpable or highly suspect evidence when determining his sentence. Accordingly, we conclude that Torres failed to demonstrate that his sentences constitute cruel and unusual punishment, and we

ORDER the judgment of conviction AFFIRMED

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Jennifer P. Togliatti, District Judge
     Las Vegas Defense Group, LLC
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk